RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante (JM 4231)
Patrick J. Corbett (PC2076)
292 Madison Avenue, 11th Floor
New York, New York 10017
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,   Index No.:

                    Plaintiff(s),   **NOTICE OF REMOVAL**

    -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                    Defendant(s).
-----------------------------------------X

TO:  The Judges of the United States District Court
     for the Southern District of New York

**PLEASE TAKE NOTICE** that Defendant VOLVO PENTA OF THE AMERICAS, INC. ("VPA"), hereby removes the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court For the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1333, 1441 and 1446.

In support of this Notice of Removal, Defendant states, upon information and belief, as follows:

1. On or about May 25, 2007, plaintiff filed a complaint in the Supreme Court for

the State of New York, County of New York. Plaintiffs, NICHOLAS TSAMOUDAKIS and PETER TSAMOS, allege in their complaint that on or about January 8, 2005, in New York, New York, they became the owners of a 2005 Rinker Fiesta Vee 360 Boat, which they allege is unseaworthy. Plaintiff's seek damages for breach of contract of sale; recission; and breach of express and implied warranties.

2. A copy of the Summons and Complaint is annexed hereto as **Exhibit "A."**

3. There is currently an actual controversy between the parties.

4. On or about June 12, 2007, plaintiffs allegedly served a copy of the summons and complaint on VOLVO PENTA OF THE AMERICAS, INC.

5. Defendant seeks removal of this action pursuant to 28 U.S.C. §1441(b).

6. The District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333 as it is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty jurisdiction of this Court; and pursuant to 28 U.S.C. §1441, and 15 U.S.C. §2301, et seq., as a federal question, by virtue of Plaintiff's claim for breach of implied warranties.

7. Plaintiffs TSAMOUDAKIS is a resident of the City of New York.

8. Defendant maintains its principal place of business in Chesapeake, Virginia.

9. Venue is proper in the United States District Court for the Southern District of New York because the vessel was purchased in this District.

10. Defendant's request for removal is made within 30 days of receipt of the initial pleading, which was received on or about June 12, 2007.

11. After filing of the Notice of Removal in the United States District Court for the Southern District of New York, written notice of the filing of this Notice of Removal will be

given by attorneys for defendant to plaintiff's attorney at his last known address, as provided by law, and copies of the Notice of Removal will be filed with the Clerk of the Supreme Court of New York, County of New York.

**WHEREFORE**, Defendant prays that this court remove the action from the Supreme Court of the State of New York, County of New York in accordance with 28 U.S.C. §1446 and for any other relief the court deems just and proper.

Dated: New York, New York
       `June 28, 2007

                                      Respectfully submitted,

                                      RUBIN, FIORELLA & FRIEDMAN LLP
                                      Attorneys for Defendant
                                      VOLVO PENTA OF THE AMERICAS, INC.

                            By: _____
                                    Patrick J. Corbett (PC2076)

TO:    Clerk
          Supreme Court of New York
          County of New York
          60 Centre Street
          New York, New York 10007

          Jack S. Dweck
          The Dweck Law Firm
          Attorneys for Plaintiffs
          75 Rockefeller Plaza
          New York, New York 10019

          Zertek, Inc.
          d/b/a Boat-N-RV Warehouse
          12634 Route 9W West
          Coxsackie, New York 12192

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12191

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,

     Plaintiffs,

 -against-

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY, AND
VOLVO-PENTA,

     Defendants.
----------------------------------------X

Index No.: 107382/07

Plaintiff designates:
New York County as the place of trial.
Basis of venue:
Contract executed in New York County

**SUMMONS**

Plaintiff's residence:
135 Simonson Avenue
Staten Island, New York 10303

To the above named Defendants

 **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   May 24, 2007

THE DWECK LAW FIRM, LLP

By: _____
   JACK S. DWECK
Attorneys for Plaintiffs
75 Rockefeller Plaza
New York, New York 10019
(212) 687-8200

Defendants' Addresses:

Zertek, Inc.
d/b/a Boat-N-RV Warehouse,
12634 Route 9W West
Coxsackie, New York 12192

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12192

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Volvo-Penta
1300 Volvo Penta Drive
Chesapeake, Virginia 23320

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,

                      Plaintiffs,

         -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                    Defendants.
------------------------------------------X

Index No. 107382/07

**COMPLAINT**

Nicholkas Tsamoudakis and Peter Tsamos, by their attorneys, The Dweck Law Firm, LLP, complain of the Defendants, Zertek, Inc., d/b/a Boat-N-RV Warehouse, James Segrue, Randy Rinker, Rinker Boat Company, and Volvo-Penta, and respectfully set forth to this Court as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, the Plaintiff, Nicholas Tsamoudakis (collectively with the Co-Plaintiff, as "Plaintiffs") was and still is a resident of the City and State of New York.

2. At all times hereinafter mentioned, the Plaintiff, Peter Tsamos (collectively with the Co-Plaintiff, as "Plaintiffs") was and still is a resident of the State of Connecticut.

3. Upon information and belief, and at all times hereinafter mentioned, the Defendant, Zertek, Inc., d/b/a Boat-N-RV Warehouse ("Zertek"), was and still is a domestic corporation, with its principal place of business located at 12634 Route 9W

West, Coxsackie, New York 12192.

4. Upon information and belief, and at all times hereinafter mentioned, the Defendant James Segrue, ("Segrue"), was and still is a resident of the State of New York.

5. Upon information and belief, and at all times hereinafter mentioned, the Defendant Randy Rinker ("Rinker") was and still is a resident of the State of Indiana and was and still is the President and principal shareholder of the Defendant, Rinker Boat Company.

6. Upon information and belief, and at all times hereinafter mentioned, the Defendant Rinker Boat Company ("Rinker Boat") was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Indiana and conducts business on a regular and continuous basis within the City and State of New York with its principal place of business located at 300 West Chicago Street, Syracuse, Indiana 46567.

7. Upon information and belief, and at all times hereinafter mentioned, the Defendant Volvo-Penta ("Volvo") was and still is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Virginia with its principal place of business located at 1300 Volvo Penta Drive, Chesapeake, VA 23320 and conducts business within the City and State of New York on a regular and continuous basis.

8. This action arises out of the sale of a boat by the Defendants to the Plaintiff pursuant to a contract of sale which was executed within the County, City and State of New York and performed within the State of New York. Jurisdiction is proper within the State of New York inasmuch as, upon information and belief, the non-domiciliary Defendants regularly transact business within the State of New York and, upon information and belief, execute contracts to supply goods and/or services within the State of New York on a regular and continuous basis.

9. On or about January 8, 2005, Plaintiff Nicholas Tsamoudakis visited the New York Boat Show at the Javits Convention Center, in the County and City of New York where the Defendant Zertek exhibited boats offered for sale.

10. At the time and place as aforesaid, the Plaintiff Nicholas Tsamoudakis agreed to purchase a brand new 2005 Rinker Fiesta Vee 360 boat, 36 feet long, equipped with two brand new 2005 Volvo Penta inboard engines for a purchase price of $253,287.50 inclusive of all finance and related charges.

11. Although Plaintiff Nicholas Tsamoudakis had paid monies on account of the purchase of the boat as set forth above in January 2005, a written agreement, which formalized the sale to the Plaintiff was thereafter signed on or about June 4, 2005 when the Defendants notified the Plaintiff that the boat was ready for delivery. Upon inspection and examination, there were numerous

defects and items still missing, which rendered the boat unseaworthy.

12. Notwithstanding these defects and missing parts, Defendant Zertek contacted the Plaintiff Nicholas Tsamoudakis on or about August 11, 2005 and advised him that they would no longer pay for moorage or storage of the vessel and that Plaintiff Nicholas Tsamoudakis was required to take delivery of the boat on an immediate basis.

13. In compliance with the demand of Defendant Zertek, and upon the belief that the boat was fully and properly equipped and was seaworthy as the Plaintiff had contracted for, the Plaintiff's boat was shipped to the Venice Marina in Brooklyn, New York. Various defects and deficiencies were noted, and were immediately called to the attention of the Defendant Zertek, which included without limitation:

    a. The navigation lights on the vessel were not in operating condition;

    b. The depth finder/fish finder was not in operating condition;

    c. 300 feet of anchor rope were not provided;

    d. A television set that had been ordered and paid for was not on board the vessel;

    e. The fuel gauges were not operational;

    f. The dash board panel lights were not in working order;

    g. There was an unmarked dash board switch that appeared to have no function and nothing happened

4

      when the switch was moved from one position to another;

  h.  The "EVC" box and unmarked nest of wires were unsecured behind the starboard side stereo speaker;

  i.  The battery charger was not working;

  j.  The trim tab was not working;

  k.  The discharge valve was not working;

  l.  There was a stern leak at the propellers resulting in oil or fuel leaking into the ocean;

  m.  Power steering fuel was leaking into the bilge;

  n.  Screws were missing from the dash board panel;

  o.  The carbon monoxide detector was not connected;

  p.  A Coast Guard safety package, required to be provided by the dealer was not on board the vessel;

  q.  A documentation board or engraving into the permanent structure of the vessel was not included;

  r.  There were no high temperature-low oil alarms on board;

  s.  There was severe corrosion problems with the stern drives;

  t.  There were problems with the engines, which required replacement of several parts by Volvo Penta.

14. An inspection of the vessel was conducted by a firm of independent Marine surveyors and consultants on April 29, 2007, which revealed that many of the problems that had been brought to the attention of Defendants Zertek and Rinker Boat Company by

5

Plaintiff had not been addressed and still existed. The report of the inspection concluded "as the boat stands in its present condition, it is in this surveyor's opinion, that the vessel is not useable and would present an unsafe condition for people and property."

15. Plaintiffs Nicholas Tsamoudakis and Peter Tsamos have not had the use or the enjoyment of the vessel for a year and a half, solely due to the failure of the Defendants to deliver the vessel in accordance with the requirements of the Contract of Sale and in a seaworthy condition.

16. By virtue of all of the foregoing, the Defendants have breached their contract with the Plaintiffs all to the Plaintiffs' damage in the sum of $300,000.00.

### AS AND FOR THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

17. Plaintiffs repeat and reallege each and every allegation of Paragraphs of the Complaint numbered "1" through "16", inclusive, as if more fully set forth at length herein.

18. When the Defendant Zertek sold the vessel to Plaintiffs Nicholas Tsamoudakis and Peter Tsamos, they warranted and represented that the boat, its engines and installations, were merchantable and fit for the intended use and purpose. As authorized agents for Rinker Boat Company and Volvo Penta of the Americas, Inc., said Defendant affirmed the warranties of said Defendants as well.

19. All the Defendants breached their respective warranties and obligations, by having failed to provide the vessel, engines and installations that were fit for their intended purposes and uses.

20. The Defendants compelled the Plaintiffs to take the boat before it was fully prepared, equipped and completed, while the same was in a dangerous and unseaworthy condition, even though the Defendants knew that it was unfit for use or sale and would not fulfill its intended purposes and uses. The vessel remains in an unsafe and dangerous condition, as of the time of the commencement of this action.

21. In order to prevent further deterioration of the vessel and for the purpose of mitigation of damages, the Plaintiffs have placed the vessel into storage, where it accumulated charges of $6,257.36, as of December 1, 2006 and charges continue to accumulate, as it sits idle, in storage, while at the same time, the Plaintiffs have been deprived of the use and enjoyment of the vessel because of the willful breach of the warranties by the Defendants as aforedescribed.

22. As a result of the foregoing, Plaintiffs have been damaged in the amount of not less than $275,000 for which Plaintiffs demand Judgment.

### AS AND FOR A THIRD CAUSE OF ACTION FOR
### RECISSION

23. Plaintiffs repeat and reallege each and every allegation of Paragraphs of the Complaint numbered "1" through "22", inclusive, as if more fully set forth at length herein.

24. By virtue of all the foregoing, the Defendants have breached their contract with the Plaintiffs, and have failed to deliver the boat in accordance with their contractual obligations.

25. Plaintiffs hereby elect to rescind the contract for the purchase of the boat from the Defendants Zertek, Segrue, Rinker and Rinker Boat and hereby tenders the return of the boat.

26. Plaintiffs seek a judgment of this Court for the return of all monies expended by them in the sum of not less than $300,000., and by this action hereby tender return of the boat to said Defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR
### BREACH OF IMPLIED AND EXPRESS WARRANTIES

27. Plaintiffs repeat and reallege each and every allegation of paragraphs of the Complaint numbered "1" through "26", inclusive, as if more fully set forth at length herein.

28. By virtue of the foregoing, Defendants have breached their express and implied warranties with respect to the vessel that was sold to the Plaintiffs. In addition to oral statements made by the Defendants, Segrue, individually and on behalf of his

employer, Defendant Zertek, Inc., express warranties were made and published by the Defendant Rinker Boat Company as published by them in their brochure for the boat.

29. On the basis of these express warranties, and in reliance thereon, Plaintiffs made the decision to purchase the 2005 Rinker Fiesta Vee 360 vessel which they would not have done had they known that the warranties were untrue and/or that the Defendants would not stand by and fulfill the same.

30. In addition to the express warranties, there was an implied warranty imposed by law, under the Uniform Commercial Code that requires the Sellers to be responsible for certain warranties including merchantability and fitness for a particular purpose.

31. The vessel that was delivered by Defendant Zertek, Inc., manufactured by Rinker Boat, and using Volvo-Penta engines, was not fit for its intended purpose, and the Defendants have failed and refused to make it fit for its intended purpose.

32. By virtue of the foregoing, Plaintiffs have been damaged in the amount of at least $275,000 for which judgment is demanded.

**WHEREFORE**, Plaintiffs pray for a judgment as follows:

a. on the First Cause of Action, on behalf of the Plaintiffs, for judgment in the sum of $300,000.00;

b. on the Second and Fourth Causes of Action, on behalf of the Plaintiffs, for judgment in the sum of $275,000.00;

    c.    on the Third Cause of Action, on behalf of the Plaintiffs, for judgment which declares a recision of the Contract of Sale to the Plaintiffs and the return to the Plaintiffs of this purchase price and all expenses incurred by them; and

    d.    together with interest and the costs and disbursements of this action.

Dated: New York, New York  
       May 22, 2007

                    THE DWECK LAW FIRM, LLP  
                    Attorneys for Plaintiffs

                    By: _____  
                    Jack S. Dweck  
                    75 Rockefeller Plaza  
                    16th Floor  
                    New York, New York 10019  
                    (212) 687-8200

S:\Secretary 2\Client Docs\Tsamoudakis\Complaint - 5-24-07 - draft #2.wpd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,   Index No.: 107382/07

       Plaintiff(s),  **NOTICE OF**
           **FILING OF REMOVAL**
  -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

       Defendant(s).
------------------------------------------------X

TO: Clerk
   Supreme Court of New York
   County of New York
   60 Centre Street
   New York, New York 10007

   Jack S. Dweck
   The Dweck Law Firm
   Attorneys for Plaintiffs
   75 Rockefeller Plaza
   New York, New York 10019

   Zertek, Inc.
   d/b/a Boat-N-RV Warehouse
   12634 Route 9W West
   Coxsackie, New York 12192

   James Segrue
   c/o Zertek, Inc.
   12634 Route 9W West
   Coxsackie, New York 12191

   Randy Rinker
   c/o Rinker Boat Company
   300 West Chicago Street
   Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

**SIRS:**

**PLEASE TAKE NOTICE** that in the above-entitled action, Defendant VOLVO PENTA OF THE AMERICAS, INC. has this day filed a Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court, Southern District of New York. You are also advised that the defendant, upon filing of said Notice of Removal, filed a copy of the Notice with the Clerk of the Supreme Court for the State of New York, County of New York, which has effected this removal, in accordance with 28 U.S.C. § 1446(d).

Dated: June 28, 2007
      New York, New York

                            RUBIN, FIORELLA & FRIEDMAN LLP

                    By: _____
                            James E. Mercante (JM 4231)
                            Patrick J. Corbett (PC2076)
                            Rubin, Fiorella & Friedman LLP
                            292 Madison Avenue, 11th Floor
                            New York, New York 10017
                            (212) 953-2381
                            Attorneys for Defendant
                            VOLVO PENTA OF THE AMERICAS, INC.

## CERTIFICATE OF SERVICE

I declare that on this day I caused to be served by first class mail a copy of the within Notice of Removal as well as a Notice of Filing Notice of Removal, by depositing a pre-paid envelope into a receptacle duly maintained by the United States Postal Service, addressed to the individuals listed below:

Clerk
Supreme Court of New York
County of New York
60 Centre Street
New York, New York 10007

Jack S. Dweck
The Dweck Law Firm
Attorneys for Plaintiffs
75 Rockefeller Plaza
New York, New York 10019

Zertek, Inc.
d/b/a Boat-N-RV Warehouse
12634 Route 9W West
Coxsackie, New York 12192

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12191

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2007

_____
Patrick J. Corbett