RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante (JM 4231)
Patrick J. Corbett (PC2076)
292 Madison Avenue, 11th Floor
New York, New York 10017
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,           Docket No.: 07-CV-6102

                Plaintiff(s),                  **(WHP)**
                                     **(THR)**
    -against-
                                      **ANSWER TO**
ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,         **COMPLAINT**
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                Defendant(s).
------------------------------------------X

       Defendant, VOLVO PENTA of THE AMERICAS, INC., sued herein as VOLVO PENTA, by and through their attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for its answer to the complaint of the plaintiff(s), upon information and belief, as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) of the complaint designated "1", "2", "3", "4", "5", "6", "8", "9", "10", "11", "12", "13, "14" and "15".

    2.    Admits that VOLVO PENTA of THE AMERICAS, INC., is a Virginia corporation doing business at 1300 Volvo Penta Drive, Chesapeake, VA 23320, and denies each and every

remaining allegation contained in the paragraph of the complaint designated "7".

3. Denies each and every allegation contained in the paragraphs of the complaint designated "16" as they refer to this defendant and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein as they refer to any other defendant.

### ANSWERING THE SECOND CAUSE OF ACTION

4. Repeats, reiterates and realleges each and every allegation contained in the paragraphs of the answer designated "1" through "3", as if set forth hereat, in answer to the paragraph of the complaint designated "17".

5. Denies each and every allegation contained in the paragraphs of the complaint designated "18", "19", "20", "21" and "22", as they refer to this defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other defendant.

### ANSWERING THE THIRD CAUSE OF ACTION

6. Repeats, reiterates and realleges each and every allegation contained in the paragraphs of the answer designated "1" through "5", as if set forth hereat, in answer to the paragraph of the complaint designated "23".

7. Denies each and every allegation contained in paragraph of the complaint designated "24" as they refer to this defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other defendant.

8. Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations, contained in the paragraphs of the complaint designated "25" and "26".

## ANSWERING THE FOURTH CAUSE OF ACTION

9. Repeats, reiterates each and every allegation contained in the paragraphs of the answer designated "1" through "8", as if set forth in answer to the paragraph of the complaint designated "27".

10. Denies each and every allegation contained in the paragraphs of the complaint designated "28", "29", "31" and "32", as they refer to this defendant and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other defendant.

11. Denies knowledge and information sufficient to for a belief as to the truthfulness of the allegations contained in the paragraph of the complaint designated "30".

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

12. Plaintiffs have failed to effect proper service of process upon this defendant and as such there is no jurisdiction over this defendant.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13. The complaint fails to state a cause of action over this defendant.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

14. Any damages or loss allegedly suffered herein by plaintiffs resulted from acts and/or omissions of certain other parties or third-parties for whose conduct this defendant is not responsible.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

15. If the plaintiffs sustained any loss or damage alleged in the complaint, then, upon information and belief, such loss or damage was not the result of any breach or tortious act by this defendant, but was caused in whole or in part by the acts, neglect, contributory negligence, carelessness, and/or plaintiff's assumption of the risk and culpable conduct of the plaintiffs, or their agents, servants or employees, and this defendant is therefore entitled to dismissal or reduction of any recovery had by the plaintiffs in proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages complained of.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

16. Plaintiffs have failed to mitigate their damages, if any, and recovery, if any, must be reduced accordingly.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

17. Upon information and belief, the liability of this defendant, if any, which is denied, is in all events subject to and limited by, the terms and conditions of and/or applicable provisions of the New York Civil Practice Law and Rules, the New York Uniform Commercial Code, and all other legislation limiting liability, providing for the filing of claims, and requiring that a suit be commenced within a specified period of time.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE

18. To the extent that plaintiffs have made claims and has received payment from

other sources with respect to the damages as alleged in plaintiff's complaint, the plaintiff is not entitled to recover such amounts from this defendant.

### AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

19. The complaint for damages fails as a matter of law to state any ground upon which relief should be granted.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

20. That if the plaintiffs recovery herein against two or more tort-feasors jointly liable and/or if the culpable conduct of any person not a party to this action is considered in determining any equitable share herein and if this answering defendant's liability is 50% or less of the total liability assigned, then this answering defendant's liability for non economic loss shall not exceed the equitable share as determined by the answering defendant's percentage of liability for non economic loss pursuant to Civil Practice Law and Rules of Article 16.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

21. VOLVO PENTA of THE AMERICAS, INC. did not own, operate, manage, possess, or control any part of the Plaintiff's vessel, its appliances, and/or its appurtenances, or equipment at the time relevant hereto.

### AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

22. The claims asserted in the complaint are barred or subject to limitation by applicable provisions of the Uniform Commercial Code, including but not limited to Article 2 of such Code.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

23.     Plaintiffs lack privity of contract with this defendant and are therefore not entitled to assert some or all of the claims alleged in the complaint as against this defendant.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

24.     Plaintiff's right to recover against answering this defendant on account of matters stated in the complaint, if any, is defined, limited and prescribed by the terms and conditions of certain express warranties and/or contracts, and this defendant claims and pleads all rights, time limits, defenses, limitations, exclusions, definitions, terms and conditions of such express warranties and contracts.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

25.     The liability, if any, of this defendant for the matters alleged in the complaint may be subject to limitation and/or exclusion by operation of applicable statutes, immunities and/or regulations, and defendant expressly claims and pleads the benefit of any and all such statutes, immunities and/or regulations.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

26.     Plaintiffs' remedy, if any, on account of the matters alleged in the complaint, is precluded and/or limited by the terms and conditions of defendant's express limited warranty.

## AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

27.     Some or all of plaintiffs' claims are barred by the applicable statute of limitations

or other applicable time limit.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28. Some or all of plaintiffs' claims are barred by the equitable doctrine of laches.

### AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29. The matters alleged in the complaint are governed by United States Maritime Law, which bars or limits some or all of plaintiff's claims.

**WHEREFORE**, VOLVO PENTA of The AMERICAS, Inc., demand judgment dismissing the complaint herein as against it, together with the costs and disbursements of this action.

Dated: New York, New York
       July 17, 2007

Yours etc.,

_____
James E. Mercante, Esq.
Patrick J. Corbett, Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.
292 Madison Avenue, 11th Floor
New York, New York  10017
(212) 953-2381   Our File No.:  572-8976

To:   Jack S. Dweck, Esq.
      The Dweck Law Firm
      Attorneys for Plaintiffs
      75 Rockefeller Plaza
      New York, New York 10019

Matthew J. Sgambettera, Esq.
323 Ushers Road
P.O. Box 1550
Clifton Park, New York 12065
Attorneys for Zertek, Inc., d/b/a
  Boat-N-RV Warehouse and
  James Segrue

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF NEW YORK )

**MARIA C. SOTO,** being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Fort Lee, New Jersey.

That on the 17 day of July, 2007, deponent served the within **ANSWER TO COMPLAINT** via Regular Mail upon:

> To: Jack S. Dweck, Esq.
> The Dweck Law Firm
> Attorneys for Plaintiffs
> 75 Rockefeller Plaza
> New York, New York 10019
>
> Matthew J. Sgambettera, Esq.
> 323 Ushers Road
> P.O. Box 1550
> Clifton Park, New York 12065
> Attorneys for Zertek, Inc., d/b/a
>   Boat-N-RV Warehouse and
>   James Segrue
>
> Randy Rinker
> c/o Rinker Boat Company
> 300 West Chicago Street
> Syracuse, Indiana 46567
>
> Rinker Boat Company
> 300 West Chicago Street
> Syracuse, Indiana 46567

in this action at the address designated by said attorneys for that purpose by depositing same enclosed in a post-paid properly addressed wrapper, in an office depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
MARIA C. SOTO

Sworn to before me this
_X_ day of July, 2007

_____
Notary Public

PATRICK J. CORBETT
Notary Public, State of New York
Reg. No 02CO6118029
Qualified in Westchester County
My Commission Expires November 1, 20_8

10