UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

NICHOLAS TSAMOUDAKIS and PETER TSAMOS,

                Plaintiffs,

   -against-

ZERTEC, INC., D/B/A BOAT-N-RV WAREHOUSE, JAMES SEGRUE, RANDY RINKER, RINKER BOAT COMPANY and, VOLVO-PENTA,

                Defendants.

Case No.: 07-CV-6102

**ANSWER**

-------------------------------------------------------------------X

Randy Rinker and Rinker Boat Company, LLC (hereinafter referred to as "Rinker"), by and through its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Answer to the Complaint originally filed by plaintiffs in New York Supreme Court for the County of New York (Index No. 107382/07), states as follows:

**ANSWERING THE FIRST CAUSE OF ACTION**

   1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3 and 4;

   2.  Deny the allegations contained in Paragraph 5, except to the extent that Randy Rinker was and is a resident of the State of Indiana;

   3.  Deny the allegations contained in Paragraph 6 except to the extent that Rinker does manufacture boats for sale in New York and its principal place of business is 300 West Chicago Street, Syracuse, IN 46567. Rinker further states that in or about July 2004 Rinker Boat Company, Inc. became Rinker Boat Company, LLC, an organization formed under the laws of Delaware;

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7;

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8. Additionally, some of the allegations contained in that paragraph call for legal conclusions that are to be made by the Court;

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and 10;

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11 and 12, except to the extent that it is denied that the boat was missing parts, defective and/or unseaworthy;

8. Deny the allegations contained in Paragraphs 13, 14, 15 and 16;

### ANSWERING THE SECOND CAUSE OF ACTION

9. Repeat and reiterate the above responses to Paragraphs 1-16 to the allegations contained in Paragraph 17 respectively;

10. Deny the allegation contained in Paragraph 18 that Zertek was an authorized agent for Rinker. These defendants deny knowledge or information to form a belief as to the truth of the remaining allegations;

11. Deny the allegations contained in Paragraphs 19, 20, 21 and 22;

### ANSWERING THE THIRD CAUSE OF ACTION

12. Repeat and reiterate the above responses to Paragraphs 1-22 to the allegations contained in Paragraph 23 respectively;

13. Deny the allegations contained in Paragraphs 24;

14. Deny plaintiffs' entitlement to the election in Paragraph 25 and the relief requested in Paragraph 26;

## ANSWERING THE FOURTH CAUSE OF ACTION

15. Repeat and reiterate responses to Paragraphs 1-26 to the allegations contained in Paragraph 27 respectively; and

16. Deny the allegations contained in Paragraphs 28, 29, 30, 31 and 32.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Answering defendants assert that if plaintiffs are found to have been damaged in accordance with the allegations in the Complaint such damages were the result of the culpable conduct of plaintiffs, because of plaintiffs' negligence and/or assumption of risk. Should it be found, however, that the answering defendants are liable herein, any liability being specifically denied, then it is demanded that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### SECOND AFFIRMATIVE DEFENSE

In the event that plaintiffs' economic loss, if any, it was and/or will be replaced or indemnified, in whole or in part, from collateral sources, and cannot recover for these sums.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name and join essential and necessary parties.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages suffered by plaintiffs are the result of the contractual breach, culpable conduct and/or fault of other persons and/or entities for whose conduct the answering defendants are not legally responsible.

**SIXTH AFFIRMATIVE DEFENSE**

Persons and/or entities other than answering defendants misused, altered, changed or modified the alleged product in question and this misuse, alteration, change or modification was the proximate and/or contributing cause of the plaintiffs' damages, if any, and/or voided any potentially applicable warranties, if any were provided..

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack privity with the answering defendants to maintain claims based upon breach of warranty and/or contract.

**EIGHTH AFFIRMATIVE DEFENSE**

Without relieving plaintiffs of their burden of proof of establishing their damages, any damages sustained by plaintiffs were proximately caused or contributed to by the intervening and/or superseding intentional conduct, negligence or breach of other persons and/or entities that plaintiffs have not named in this action.

**NINTH AFFIRMATIVE DEFENSE**

Any warranties afforded plaintiffs by Rinker are limited, and subject to the terms and conditions of Rinker's Limited Warranty.

**TENTH AFFIRMATIVE DEFENSE**

Any oral warranties upon which plaintiffs relied are inadmissible and unavailable because of the provision of the applicable statute of frauds as provided in UCC §2-201.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking any and all remedies against the answering defendants because plaintiffs failed to give the answering defendants the notice required by UCC § 2-607.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to provide answering defendants an opportunity to cure any alleged breach.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendants cannot be liable for incidental or consequential damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations under UCC § 2-725.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give written notice of the alleged defects to the answering defendants and are precluded from relying upon the unstated defects to justify the rejection or to establish the alleged breach.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' only available remedy, if any, for the damages alleged in the Complaint is for repair or replacement of the subject boat. Thus, this action for damages against the answering defendants is barred.

**WHEREFORE**, it is hereby demanded that the Complaint be dismissed in its entirety, together with costs and disbursements of this action, including reasonable attorneys' fees, and such other costs as this Court deems just and proper.

Dated: White Plains, New York
       July 18, 2007

                              WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP

                              By: ____/s/_ Michael J. Cullen____
                                    MICHAEL J. CULLEN (MC 5578)
                                    Attorneys for Defendant,
                                    Rinker Boat Company, LLC
                                    3 Gannett Drive
                                    White Plains, NY 10604
                                    (914) 323-7000

To:    The Dweck Law Firm, LLP
        75 Rockefeller Plaza
        New York, NY 10019
        Phone (212) 687-8200
        Attn: Jack S. Dweck

        Rubin, Fiorella & Friedman
        Attorneys for Defendant Volvo
        292 Madison Avenue – 11th Floor
        New York, NY 10017
        Attn: Pat Corbett, Esq.

        Zertek Inc.
        d/b/a Boat-N-RV Warehouse
        12634 Route 9W West
        Coxsackie, NY 12192