UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NICHOLAS TSAMOUDAKIS, and
PETER TSAMOS,

                        Plaintiffs,

       - against -                  Case No.:  1:07-CV-06102-HB
                                              Judge Baer
ZERTECK, INC.,
d/b/a/ BOAT-N-RV WAREHOUSE, JAMES SEGRUE,
RANDY RINKER, RINKER BOAT COMPANY, and
VOLVO-PENTA,

                        Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### ISSUES PRESENTED

1.     Whether the Court should grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P., Rule 12(b)(3); or in the alternative.

2.     Whether the Court should grant Defendant's Motion to Compel arbitration pursuant to 9 U.S.C. §3 and New York State C.P.L.R. § 7503.

### FACTS

It is undisputed that Plaintiffs, Nicholas Tsamoudakis and Peter Tsamos (hereinafter "Plaintiffs") entered into a Purchase and Sale Agreement with Defendant, Zerteck, Inc. d/b/a Boat-N-RV Warehouse (hereinafter "BNRV"), on or about June 4, 2005, to purchase a 2005 Rinker Fiesta Vee and 360 Boat (hereinafter "Rinker Boat") with the VIN RNK79328E505 (hereinafter "the Contract").  A copy of the Contract is attached to the Affidavit of Eric Geiger ("Geiger Affidavit") as Exhibit A.

The Contract provides that in the event of a dispute arising under the Contract, the parties must submit the claim to arbitration. Specifically, the Agreement states that "[a]ny controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration administered by American Arbitration Association (hereinafter "AAA")."

The Plaintiffs signed the contract with BNRV on June 4, 2005 and took delivery of the boat on July 6, 2005.

The Plaintiffs now allege that the Motor Boat "failed and became inoperable" on or about August 11, 2005; and the Motor Boat has remained inoperable since 2005. Subsequently, on May 22, 2007, the Plaintiffs filed their Complaint in the above captioned matter in New York State Court, which one of the defendants later removed to this Court. BNRV now moves to dismiss the Complaint pursuant to Fed. R. Civ. P., Rule 12(b)(3) for improper venue and failure to state a claim upon which relief can be granted, based upon the express terms of the contract which require all disputes to be settled in binding arbitration administered by the AAA; or in the alternative, compel arbitration pursuant to 9 U.S.C. §3 and C.P.L.R. §3.

## ARGUMENT

### I.  Dismissal of Complaint

The Court should grant BNRV's motion to dismiss the Plaintiffs' Complaint based solely upon the documentary evidence presented in the supporting materials to this Motion; specifically, the Purchase Contract contains the arbitration clause set forth above. Based upon the express terms of the arbitration clause this case must be dismissed

and the dispute decided in the proper forum, arbitration before the American Arbitration Association.

Here, the issue of whether the parties have agreed to arbitrate must be determined by this Court, pursuant to New York State law principles governing contract formation. See Continental Casualty Company v. American National Insurance Company 417 f:3d 727, 730 (7th Cir 2005); First Options of Chicago, Inc. v. Kaplan, 514 US 938. 944 (1995).  Here, BNRV relies upon the plain language of the forum selection clause in the contract which states that all disputes will be decided through arbitration before AAA.

As such, pursuant to Fed. R. Civ. P., Rule 12(b)(3), the Court must dismiss the complaint and enforce the contractual obligation of the parties to when the moving party presents documentary evidence which disposes of the Plaintiffs' claims as a matter of law. See Continental Casualty Supra and Leon v. Martinez, 84 N.Y.2d 83 [1994]; Bronxville Knolls, Inc. v. Webster Town Center Partnership, 221 A.D.2d 248 [1st Dept 1995]; Talbi v. ZCWK Assocs., 179 A.D.2d 475 [1st Dept 1992]. Johnson v. Chase Manhattan Bank USA, N.A., 784 N.Y.S. 2d 921 [2004].

Here, it is undisputed that the parties entered into a Contract for the purchase of the Rinker Boat which contained a dispute resolution clause.  The Contract's dispute resolution clause is broad and provides that "[a]ny controversy or claim arising out of or relating to [the] Contract, or the breach there of, shall be settled by arbitration administered by the AAA." Based on the foregoing, Plaintiffs are without legal basis to maintain an action on their contractual claims except by filing a demand for arbitration through the AAA.

As a result, the Trial Court should enforce the express terms of the Agreement and dismiss this Complaint pursuant to Fed. R. Civ. P., Rule 12(b)(3); thereby requiring the Plaintiffs to seek redress by submitting the dispute to arbitration through AAA (see Krumme v West Point Stevens, Inc., 238 F.3d 133, 139 [2nd Cir. (N.Y.) 2000]; PaineWebber, Inc. v Bybyk, 81 F.3d 1193, 1199 [2nd Cir. (N.Y.) 1996]; American Exp. Bank Ltd. V Uniroyal, Inc., 164 A.D.2d 275 [1st Dept. 1990], lv denied 77 N.Y.2d 807 [1991]). Further, once the Court finds the Agreement to be valid, the Court's role has ended and it may not address the merits of a particular claim (see Dazco Heating and Air Conditioning Corp. v C.B.C. Industries, Inc., 225 A.D.2d 578 [2nd Dept. 1996]). "[W]herever the agreement to arbitrate is clearly expressed, a subsequent resistant party will be deemed to have relinquished the right to litigate disputes in the courts and may be compelled, instead to submit to arbitration (see Maross Const., Inc. v Central New York Reg. Transp. Authority, 66 N.Y.2d 341, 345 [1985]).

Therefore, based upon the agreement of the parties to submit any disputes under the Contract to arbitration, the Plaintiff's Complaint must be dismissed.

## II.  Compel Arbitration

In the alternative to dismissing the Complaint, the Court may grant Defendant's Motion to Compel arbitration pursuant to the express terms of the Purchase and Sale Agreement entered into between the parties in accordance and with the applicable provisions of the CPLR and 9 U.S.C. §3.

In particular, § 7503 of the CPLR states that "[w]here there is no substantial question whether a valid agreement was made or complied with, and the claim sought to

be arbitrated is not barred by the limitations under subdivision (b) of § 7502, the court shall direct the parties to arbitrate."

Here, as the arbitration clause contained in the Agreement is broad, and any disputes relating to the limited warranty in the Contract are of a nature that fall within the arbitration clause. Since "a reasonable relationship exists between the subject matter of the dispute and the underlying Contract (see Dazco Heating and Air Conditioning Corp. v C.B.C Industries, Inc., supra at 579), the Court should dismiss the Complaint and direct the parties to proceed to arbitration (see Maross Construction, Inc. v. Central New York Reg. Transp. Authority, supra at 346).

Further, the claim for arbitration is not barred by the limitation of CPLR § 7502 (b). Since the claims which must be arbitrated would not be barred if they were asserted in a New York Court, there is no such impediment in the present case.

Based upon the foregoing, if the Court must dismiss the Complaint pursuant to Fed. R. Civ. P., Rule 12(b)(3) or in the alternative, it must compel arbitration pursuant to the express terms of the contract.

WHEREFORE, the Defendant respectfully requests that the Court grant these motions, and award Defendant applicable costs and disbursements.

Dated: August 22, 2007　　　　　　　　　　　*Matthew J. Sgambettera /s/*
　　　　Clifton Park, New York　　　　　　　　Matthew J. Sgambettera, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Sgambettera & Associates, P.C.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　323 Ushers Rd., P.O. Box 1550
　　　　　　　　　　　　　　　　　　　　　　　Clifton Park, New York 12065
　　　　　　　　　　　　　　　　　　　　　　　Telephone No.: 518/877-7600