UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NICHOLAS TSAMOUDAKIS, and
PETER TSAMOS,

                        Plaintiffs,

    - against -                 Case No.: 1:07-CV-06102-HB
                                         Judge Baer

ZERTECK, INC.,
d/b/a/ BOAT-N-RV WAREHOUSE, JAMES SEGRUE,
RANDY RINKER, RINKER BOAT COMPANY, and
VOLVO-PENTA,

                        Defendants.
_____

STATE OF NEW YORK    )
                             )ss.:
COUNTY OF SARATOGA  )

## AFFIDAVIT OF ERIC GEIGER

Eric Geiger, being duly sworn, deposes and states as follows:

1. I am a resident of New York State and I am of legal age.

2. I am the Corporate General Manger for Zerteck, Inc., d/b/a Boat-N-RV Warehouse (hereinafter "BNRV").

3. I make this Affidavit in support of BNRV's Motion to Dismiss Plaintiffs' Complaint and in the alternative compel arbitration.

4. As the Corporate General Manager for BNRV, I have personal knowledge of the facts and circumstances contained in this Affidavit and in particular the Contract which is the subject matter of the Plaintiffs' Complaint.

5. On or about June 4, 2005, BNRV and the Plaintiffs Nicholas Tsamoudakis and Peter Tsamos entered into a Purchase Contract whereby the Plaintiffs agreed to purchase a 2005 Rinker Fiesta Vee 360 Boat together with a

Volvo Penta engine (hereinafter "Rinker Boat") from BNRV for approximately $199,000.00. A copy of the Purchase Contract is attached hereto as Exhibit "A".

6. The Purchase Contract contained a Dispute Resolution clause whereby the parties agreed that any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules, and judgment on the award rendered by the arbitrator may be entered in any Court having jurisdiction thereof.

7. In addition, the Plaintiffs also executed a Verbal Agreement and a Consent for Storage Agreement indicating that they understood that this purchase transaction was complete and final between the parties and that no other verbal promises were made to the Plaintiffs by BNRV in connection with the purchase of the Rinker Boat. A copy of the Verbal Agreement and Consent for Storage Agreement are attached hereto as Exhibits "B" and "C" respectively.

8. On July 6, 2005, BNRV delivered the Rinker Boat to the Plaintiffs.

9. Allegedly, on August 11, 2005 the Rinker Boat ceased functioning.

10. On May 22, 2007, the Plaintiffs filed a lawsuit in New York Supreme Court under the contract alleging that BNRV breached its contract with the Plaintiffs with respect to this Rinker Boat. That action was later removed by one of the defendants to this Court.

11. Based upon the specific language of the Arbitration Clause contained in the Purchase Contract, BNRV now moves this Court to dismiss the Complaint and/or compel arbitration in this matter.

Signed under the pains and penalties of perjury this 22 day of August, 2007.

_____
Eric Geiger

Sworn to before me this 22
day of August, 2007.

_____
Notary Public, State of New York
MATTHEW ANNETTERA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SG6103377
Qualified in Albany County
Commission Expires December 29, 2007