UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

NICHOLAS TSAMOUDAKIS
and PETER TSAMOS,

            Plaintiffs,

      -against-

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY,
AND VOLVO-PENTA,

           Defendants.

-------------------------------x

**ORAL ARGUMENT REQUESTED**

Docket No. 07 Civ. 6102 (WHP)


**NOTICE OF MOTION TO REMAND**

    **PLEASE TAKE NOTICE**, that upon the annexed Affidavit of Jack S. Dweck, sworn to the 23rd day of October, 2007, the exhibits annexed thereto, and all the pleadings and proceedings heretofore had and filed herein, the Plaintiffs, Nicholas Tsamoudakis and Peter Tsamos, will move this Court before the Honorable William H. Pauley, III, United States District Judge, at the United States Courthouse, 500 Pearl Street, Room 19, New York, New York 10007 on the 19th day of November, 2007 at 10:00 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an order as follows:

    1.  pursuant to 28 U.S.C. §1447 to remand the above entitled action to the Supreme Court of the State of New York, County of New York on the grounds that this action was removed to this Court improvidently and without subject matter jurisdiction; and

2.    pursuant to 28 U.S.C. §1447(c) awarding Plaintiff their costs and actual expenses including attorneys fees as a result of the improper removal; and

3.    together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       October 23, 2007

THE DWECK LAW FIRM, LLP
Attorneys for Plaintiffs

By:_____
       JACK S. DWECK (6859)
       75 Rockefeller Plaza, 16th Floor
       New York, NY 10019
       (212) 687-8200

TO:  Rubin Fiorella & Friedman, LLP
     Attorneys for Defendant Volvo-Penta
     292 Madison Avenue
     New York, NY 10017

     Wilson Elser Moskowitz Edelman & Dicker, LLP
     Attorneys for Defendants
     Randy Rinker and Rinker Boat Company
     3 Gannett Drive
     White Plains, NY 10604

     Zertek, Inc.
     d/b/a Boat-N-RV Warehouse,
     12634 Route 9W West
     Coxsackie, NY 12192

     James Segrue                    James Segrue
     c/o Zertek, Inc.                3518 Grummon Street
     12634 Route 9W West             Binghamton, NY 13903
     Coxsackie, NY 12192

S:\Secretary 2\Client Docs\Tsamoudakis\Notice of Motion to Remand JSD-GS 10-23-07.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NICHOLAS TSAMOUDAKIS                    Docket No. 07 Civ. 6102 (WHP)
and PETER TSAMOS,

            Plaintiffs,

                              **AFFIDAVIT IN SUPPORT**
      -against-                 **OF MOTION TO REMAND**

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY,
AND VOLVO-PENTA,

            Defendants.

------------------------------x

STATE OF NEW YORK  )
                    ) ss:
COUNTY OF NEW YORK  )

    **JACK S. DWECK,** being duly sworn, deposes and says:

    1. I am a member of The Dweck Law Firm, LLP, attorneys for the Plaintiffs in this action, and submit this Affidavit in support of this Motion to Remand this case to the Supreme Court of the State of New York, in and for the County of New York, on the ground that the case was improperly removed and is not within the subject matter of the jurisdiction of this Court, and is not otherwise removable because of a lack of diversity of citizenship between and among the parties in this action. This Affidavit is based purely upon allegations of the Complaint, a copy of which is annexed hereto and designated as Exhibit "1".

    2. Plaintiffs have been and still are residents of the City and State of New York. The Defendant, Zertek, Inc., d/b/a Boat-

N-RV Warehouse, is, upon information and belief, a domestic corporation located in Coxsackie, New York. The Defendant, James Segrue, is a New York State resident. The Defendant, Randy Rinker, is, upon information and belief, a resident of the State of Indiana, and the Defendant, Rinker Boat Company, is a foreign corporation, which, upon information and belief, is incorporated and maintains a regular place of business within the State of Indiana. The Defendant, Volvo-Penta, is a Virginia corporation, which, upon information and belief, has its place of business in Chesapeake, Virginia.

3.   On or about January 8, 2005, Plaintiff, Nicholas Tsamoudakis, agreed to purchase a brand new 2005 Rinker Fiesta Vee 360 Boat for a purchase price of $253,287.50, inclusive of all finance and related charges. The boat has been paid for in full. The boat has never been delivered in the condition and with the equipment as was contracted for between the Plaintiff and Defendant, Zertek, Inc. The Complaint, in Paragraph 13 thereof, details the defects and deficiencies with the boat, which was manufactured by the Defendant, Rinker Boat Company, and which contains an engine furnished by the Defendant, Volvo-Penta. Based upon the failure of the Defendants to deliver a boat as contracted for, this action was commenced for breach of contract (the First Cause of Action), for breach of warranty of merchantability (the Second Cause of Action), for rescission (the

2

Third Cause of Action), and for breach of implied and expressed warranty (the Fourth Cause of Action), all of which seek monetary damages.

4.    Service of process has been effected against all of the Defendants, except the Defendant, James Segrue, who has not been located and whose last address has not yet been obtained.  All of the other Defendants have been served with process and the Defendant, Volvo-Penta, has appeared and answered, as have the Defendants Randy Rinker and Rinker Boat Company.  At the present time, the Defendant, Zertek, Inc., which was served on June 12, 2007 at its place of business at 12634 Route 9W West, Coxsackie, New York 12192, is in default.

5.    A Notice of Removal, bearing date June 28, 2007, was filed on behalf of the Defendant, Volvo-Penta of the Americas, Inc., at which time this action was thereupon removed to this Court.  A copy of the Notice of Removal is annexed as Exhibit "2".  A copy of the Answer on behalf of the Defendant, Volvo-Penta, is annexed as Exhibit "3", and a copy of the Answer on behalf of the Defendants, Randy Rinker and Rinker Boat Company, is annexed as Exhibit "4".

6.    The basis of the removal by Defendant, Volvo-Penta, allegedly, is that this claim is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, thus, within the admiralty jurisdiction of this

3

Court.  Your deponent respectfully disagrees with this conclusory statement as it is incorporated within Paragraph 6 of the Defendant, Volvo-Penta's, Notice of Removal, inasmuch as this action is a simple breach of contract, breach of warranty commercial action, which does not involve the application of maritime law in any way whatsoever.  Further evidence of the fact that this is not a maritime case is found within the Answer of the Defendant, Volvo-Penta, which contains basically a general denial and a hodgepodge of eighteen affirmative defenses, none of which have to do with maritime law in any way, with the exception of the eighteenth affirmative defense, which claims that the matters alleged in the Complaint are governed by United States maritime law.  Even in that eighteenth affirmative defense, it is alleged in Paragraph 29 of the Volvo-Penta Answer that United States maritime law allegedly bars or limits some or all of the Plaintiffs claims.  It is respectfully suggested that the removal has been made by the Defendant, Volvo-Penta, in bad faith, inasmuch as the Complaint is clear on its face in its allegations of breach of contractual obligations, as well as breach of warranty, along with a claim for rescission of a contract.  Based upon the misplaced belief by the Defendant, Volvo-Penta, that removal was made pursuant to 28 U.S.C. §1333, that there is a federal question, your deponent respectfully suggests that this is absolutely contrary to the allegations of the Complaint.  The

4

Plaintiffs have not pleaded any federal statutes within the Complaint, nor any claim under any federal maritime statute, as well.  On the contrary, the Plaintiffs have pleaded a breach of contract claim, breach of warranty claims and a cause of action for rescission, all based upon the failure of the Defendants to fulfill their contractual obligations and furnish and deliver a boat in accordance with the contractual provisions of the parties.  Inasmuch as there are no federal statutory claims, or maritime claims asserted by the Plaintiffs, this Court lacks subject matter jurisdiction.  In addition, there is no diversity of citizenship, nor is there any claim of diversity asserted in the removal papers of the Defendant, Volvo-Penta.  On this basis alone, the removal of this action was grossly improper and the same should be remanded to the New York State Supreme Court, where it was originally commenced.

7.  Inasmuch as this case was improperly removed, and it is clear that this Court lacks subject matter jurisdiction over the claims herein, an Order is respectfully requested from this Court to remand this action to the Supreme Court, New York County, an award of costs and attorney's fees associated with the making of this motion, pursuant to 28 U.S.C. §1447(c), together with

such other and further relief as to this Court may seem just and proper.

_____
JACK S. DWECK

Sworn to before me this
23rd day of October, 2007.

_____
Notary Public

Cory A. Frank
Notary Public
State Of New York
Reg. No: 02FR6163318
Expires 3/19/2011

S:\Secretary 2\Client Docs\Tsamoudakis\Affid of JSD to Remand JSD-GS Draft #2 10-23-07.wpd

6

EXHIBIT "1"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,

               Plaintiffs,

      -against-


ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY, AND
VOLVO-PENTA,

              Defendants.

----------------------------------------X

Index No.: *107382/07*

Plaintiff designates:
New York County as the place
of trial.
Basis of venue:
Contract executed in New York
County

**SUMMONS**

Plaintiff's residence:
135 Simonson Avenue
Staten Island, New York 10303

*To the above named Defendants*

    **You are hereby summoned** *to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within  20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

*Dated:*  New York, New York
       May 24, 2007

                    THE DWECK LAW FIRM, LLP

                    By: _____
*Defendants' Addresses:*           JACK S. DWECK

Zertek, Inc.                 Attorneys for Plaintiffs
d/b/a Boat-N-RV Warehouse,     75 Rockefeller Plaza
12634 Route 9W West        New York, New York 10019
Coxsackie, New York 12192     (212) 687-8200

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12192

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Volvo-Penta
1300 Volvo Penta Drive
Chesapeake, Virginia 23320

NEW YORK
COUNTY CLERK'S OFFICE

MAY 25 2007

NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,                Index No. 107382/07

                              Plaintiffs,            **COMPLAINT**

          -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                              Defendants.
------------------------------------------------X

    Nicholkas Tsamoudakis and Peter Tsamos, by their attorneys, The Dweck Law Firm, LLP, complain of the Defendants, Zertek, Inc., d/b/a Boat-N-RV Warehouse, James Segrue, Randy Rinker, Rinker Boat Company, and Volvo-Penta, and respectfully set forth to this Court as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.  At all times hereinafter mentioned, the Plaintiff, Nicholas Tsamoudakis (collectively with the Co-Plaintiff, as "Plaintiffs") was and still is a resident of the City and State of New York.

    2.  At all times hereinafter mentioned, the Plaintiff, Peter Tsamos (collectively with the Co-Plaintiff, as "Plaintiffs") was and still is a resident of the State of Connecticut.

    3.  Upon information and belief, and at all times hereinafter mentioned, the Defendant, Zertek, Inc., d/b/a Boat-N-RV Warehouse ("Zertek"), was and still is a domestic corporation, with its principal place of business located at 12634 Route 9W

West, Coxsackie, New York 12192.

4.   Upon information and belief, and at all times hereinafter mentioned, the Defendant James Segrue, ("Segrue"), was and still is a resident of the State of New York.

5.   Upon information and belief, and at all times hereinafter mentioned, the Defendant Randy Rinker ("Rinker") was and still is a resident of the State of Indiana and was and still is the President and principal shareholder of the Defendant, Rinker Boat Company.

6.   Upon information and belief, and at all times hereinafter mentioned, the Defendant Rinker Boat Company ("Rinker Boat") was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Indiana and conducts business on a regular and continuous basis within the City and State of New York with its principal place of business located at 300 West Chicago Street, Syracuse, Indiana 46567.

7.   Upon information and belief, and at all times hereinafter mentioned, the Defendant Volvo-Penta ("Volvo") was and still is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Virginia with its principal place of business located at 1300 Volvo Penta Drive, Chesapeake, VA 23320 and conducts business within the City and State of New York on a regular and continuous basis.

8.   This action arises out of the sale of a boat by the Defendants to the Plaintiff pursuant to a contract of sale which was executed within the County, City and State of New York and performed within the State of New York.   Jurisdiction is proper within the State of New York inasmuch as, upon information and belief, the non-domiciliary Defendants regularly transact business within the State of New York and, upon information and belief, execute contracts to supply goods and/or services within the State of New York on a regular and continuous basis.

9.   On or about January 8, 2005, Plaintiff Nicholas Tsamoudakis visited the New York Boat Show at the Javits Convention Center, in the County and City of New York where the Defendant Zertek exhibited boats offered for sale.

10.   At the time and place as aforesaid, the Plaintiff Nicholas Tsamoudakis agreed to purchase a brand new 2005 Rinker Fiesta Vee 360 boat, 36 feet long, equipped with two brand new 2005 Volvo Penta inboard engines for a purchase price of $253,287.50 inclusive of all finance and related charges.

11.   Although Plaintiff Nicholas Tsamoudakis had paid monies on account of the purchase of the boat as set forth above in January 2005, a written agreement, which formalized the sale to the Plaintiff was thereafter signed on or about June 4, 2005 when the Defendants notified the Plaintiff that the boat was ready for delivery.   Upon inspection and examination, there were numerous

3

defects and items still missing, which rendered the boat
unseaworthy.

12.    Notwithstanding these defects and missing parts,
Defendant Zertek contacted the Plaintiff Nicholas Tsamoudakis on
or about August 11, 2005 and advised him that they would no
longer pay for moorage or storage of the vessel and that
Plaintiff Nicholas Tsamoudakis was required to take delivery of
the boat on an immediate basis.

13.    In compliance with the demand of Defendant Zertek, and
upon the belief that the boat was fully and properly equipped and
was seaworthy as the Plaintiff had contracted for, the
Plaintiff's boat was shipped to the Venice Marina in Brooklyn,
New York.  Various defects and deficiencies were noted, and were
immediately called to the attention of the Defendant Zertek,
which included without limitation:

        a.   The navigation lights on the vessel were not in
            operating condition;

        b.   The depth finder/fish finder was not in operating
            condition;

        c.   300 feet of anchor rope were not provided;

        d.   A television set that had been ordered and paid
            for was not on board the vessel;

        e.   The fuel gauges were not operational;

        f.   The dash board panel lights were not in working
            order;

        g.   There was an unmarked dash board switch that
            appeared to have no function and nothing happened

4

when the switch was moved from one position to
another;

h.    The "EVC" box and unmarked nest of wires were
unsecured behind the starboard side stereo
speaker;

i.    The battery charger was not working;

j.    The trim tab was not working;

k.    The discharge valve was not working;

l.    There was a stern leak at the propellers resulting
in oil or fuel leaking into the ocean;

m.    Power steering fuel was leaking into the bilge;

n.    Screws were missing from the dash board panel;

o.    The carbon monoxide detector was not connected;

p.    A Coast Guard safety package, required to be
provided by the dealer was not on board the
vessel;

q.    A documentation board or engraving into the
permanent structure of the vessel was not
included;

r.    There were no high temperature-low oil alarms on
board;

s.    There was severe corrosion problems with the stern
drives;

t.    There were problems with the engines, which
required replacement of several parts by Volvo
Penta.

14.    An inspection of the vessel was conducted by a firm of

independent Marine surveyors and consultants on April 29, 2007,

which revealed that many of the problems that had been brought to

the attention of Defendants Zertek and Rinker Boat Company by

5

Plaintiff had not been addressed and still existed.  The report of the inspection concluded "as the boat stands in its present condition, it is in this surveyor's opinion, that the vessel is not useable and would present an unsafe condition for people and property."

15.  Plaintiffs Nicholas Tsamoudakis and Peter Tsamos have not had the use or the enjoyment of the vessel for a year and a half, solely due to the failure of the Defendants to deliver the vessel in accordance with the requirements of the Contract of Sale and in a seaworthy condition.

16.  By virtue of all of the foregoing, the Defendants have breached their contract with the Plaintiffs all to the Plaintiffs' damage in the sum of $300,000.00.

### AS AND FOR THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

17.  Plaintiffs repeat and reallege each and every allegation of Paragraphs of the Complaint numbered "1" through "16", inclusive, as if more fully set forth at length herein.

18.  When the Defendant Zertek sold the vessel to Plaintiffs Nicholas Tsamoudakis and Peter Tsamos, they warranted and represented that the boat, its engines and installations, were merchantable and fit for the intended use and purpose.  As authorized agents for Rinker Boat Company and Volvo Penta of the Americas, Inc., said Defendant affirmed the warranties of said Defendants as well.

6

19. All the Defendants breached their respective warranties and obligations, by having failed to provide the vessel, engines and installations that were fit for their intended purposes and uses.

20. The Defendants compelled the Plaintiffs to take the boat before it was fully prepared, equipped and completed, while the same was in a dangerous and unseaworthy condition, even though the Defendants knew that it was unfit for use or sale and would not fulfill its intended purposes and uses. The vessel remains in an unsafe and dangerous condition, as of the time of the commencement of this action.

21. In order to prevent further deterioration of the vessel and for the purpose of mitigation of damages, the Plaintiffs have placed the vessel into storage, where it accumulated charges of $6,257.36, as of December 1, 2006 and charges continue to accumulate, as it sits idle, in storage, while at the same time, the Plaintiffs have been deprived of the use and enjoyment of the vessel because of the willful breach of the warranties by the Defendants as aforedescribed.

22. As a result of the foregoing, Plaintiffs have been damaged in the amount of not less than $275,000 for which Plaintiffs demand Judgment.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
### RECISSION

23.   Plaintiffs repeat and reallege each and every allegation of Paragraphs of the Complaint numbered "1" through "22", inclusive, as if more fully set forth at length herein.

24.   By virtue of all the foregoing, the Defendants have breached their contract with the Plaintiffs, and have failed to deliver the boat in accordance with their contractual obligations.

25.   Plaintiffs hereby elect to rescind the contract for the purchase of the boat from the Defendants Zertek, Segrue, Rinker and Rinker Boat and hereby tenders the return of the boat.

26.   Plaintiffs seek a judgment of this Court for the return of all monies expended by them in the sum of not less than $300,000., and by this action hereby tender return of the boat to said Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
### BREACH OF IMPLIED AND EXPRESS WARRANTIES

27.   Plaintiffs repeat and reallege each and every allegation of paragraphs of the Complaint numbered "1" through "26", inclusive, as if more fully set forth at length herein.

28.   By virtue of the foregoing, Defendants have breached their express and implied warranties with respect to the vessel that was sold to the Plaintiffs.  In addition to oral statements made by the Defendants, Segrue, individually and on behalf of his

8

employer, Defendant Zertek, Inc., express warranties were made and published by the Defendant Rinker Boat Company as published by them in their brochure for the boat.

29.  On the basis of these express warranties, and in reliance thereon, Plaintiffs made the decision to purchase the 2005 Rinker Fiesta Vee 360 vessel which they would not have done had they known that the warranties were untrue and/or that the Defendants would not stand by and fulfill the same.

30.  In addition to the express warranties, there was an implied warranty imposed by law, under the Uniform Commercial Code that requires the Sellers to be responsible for certain warranties including merchantability and fitness for a particular purpose.

31.  The vessel that was delivered by Defendant Zertek, Inc., manufactured by Rinker Boat, and using Volvo-Penta engines, was not fit for its intended purpose, and the Defendants have failed and refused to make it fit for its intended purpose.

32.  By virtue of the foregoing, Plaintiffs have been damaged in the amount of at least $275,000 for which judgment is demanded.

**WHEREFORE**, Plaintiffs pray for a judgment as follows:

a.   on the First Cause of Action, on behalf of the Plaintiffs, for judgment in the sum of $300,000.00;

b.   on the Second and Fourth Causes of Action, on behalf of the Plaintiffs, for judgment in the sum of $275,000.00;

9

     c.    on the Third Cause of Action, on behalf of the Plaintiffs, for judgment which declares a recision of the Contract of Sale to the Plaintiffs and the return to the Plaintiffs of this purchase price and all expenses incurred by them; and

     d.    together with interest and the costs and disbursements of this action.


Dated: New York, New York
      May 22, 2007

                    THE DWECK LAW FIRM, LLP
                    Attorneys for Plaintiffs

              By:  _____
                   Jack S. Dweck
                   75 Rockefeller Plaza
                   16th Floor
                   New York, New York 10019
                   (212) 687-8200


S:\Secretary 2\Client Docs\Tsamoudakis\Complaint - 5-24-07 - draft #2.wpd

10

EXHIBIT "2"

RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante (JM 4231)
Patrick J. Corbett (PC2076)
292 Madison Avenue, 11th Floor
New York, New York 10017
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,      Index No.:

                     Plaintiff(s),      **NOTICE OF**
                                          **REMOVAL**

       -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                     Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO:    The Judges of the United States District Court
       for the Southern District of New York

      **PLEASE TAKE NOTICE** that Defendant VOLVO PENTA OF THE AMERICAS,

INC. ("VPA"), hereby removes the above-entitled action from the Supreme Court of the

State of New York, County of New York, to the United States District Court For the

Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1333, 1441 and 1446.

      In support of this Notice of Removal, Defendant states, upon information and

belief, as follows:

      1.  On or about May 25, 2007, plaintiff filed a complaint in the Supreme Court for

the State of New York, County of New York. Plaintiffs, NICHOLAS TSAMOUDAKIS
and PETER TSAMOS, allege in their complaint that on or about January 8, 2005, in New York,
New York, they became the owners of a 2005 Rinker Fiesta Vee 360 Boat, which they allege is
unseaworthy. Plaintiff's seek damages for breach of contract of sale; recission; and breach of
express and implied warranties.

2.     A copy of the Summons and Complaint is annexed hereto as **Exhibit "A."**

3.     There is currently an actual controversy between the parties.

4.     On or about June 12, 2007, plaintiffs allegedly served a copy of the summons and
complaint on VOLVO PENTA OF THE AMERICAS, INC.

5.     Defendant seeks removal of this action pursuant to 28 U.S.C. §1441(b).

6.     The District Court has original jurisdiction over this action pursuant to 28 U.S.C. §
1333 as it is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal
Rules of Civil Procedure and is within the admiralty jurisdiction of this Court; and pursuant to 28
U.S.C. §1441, and 15 U.S.C. §2301, et seq., as a federal question, by virtue of Plaintiff's claim
for breach of implied warranties.

7.     Plaintiffs TSAMOUDAKIS is a resident of the City of New York.

8.     Defendant maintains its principal place of business in Chesapeake, Virginia.

9.     Venue is proper in the United States District Court for the Southern District of New
York because the vessel was purchased in this District.

10.     Defendant's request for removal is made within 30 days of receipt of the initial
pleading, which was received on or about June 12, 2007.

11.     After filing of the Notice of Removal in the United States District Court for the
Southern District of New York, written notice of the filing of this Notice of Removal will be

given by attorneys for defendant to plaintiff's attorney at his last known address, as provided by law, and copies of the Notice of Removal will be filed with the Clerk of the Supreme Court of New York, County of New York.

**WHEREFORE**, Defendant prays that this court remove the action from the Supreme Court of the State of New York, County of New York in accordance with 28 U.S.C. §1446 and for any other relief the court deems just and proper.

Dated:  New York, New York
       'June 28, 2007

<div style="margin-left:40%">

Respectfully submitted,

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Defendant
VOLVO PENTA OF THE AMERICAS, INC.

By: _____
       Patrick J. Corbett (PC2076)

</div>

TO:    Clerk
       Supreme Court of New York
       County of New York
       60 Centre Street
       New York, New York 10007

       Jack S. Dweck
       The Dweck Law Firm
       Attorneys for Plaintiffs
       75 Rockefeller Plaza
       New York, New York 10019

       Zertek, Inc.
       d/b/a Boat-N-RV Warehouse
       12634 Route 9W West
       Coxsackie, New York 12192

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12191

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 107382/07

------------------------------------X

NICHOLAS TSAMOUDAKIS and PETER TSAMOS,

               Plaintiffs,

     -against-

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY, AND
VOLVO-PENTA,

              Defendants.

------------------------------------X

Plaintiff designates:
New York County as the place
of trial.
Basis of venue:
Contract executed in New York
County

*SUMMONS*

Plaintiff's residence:
135 Simonson Avenue
Staten Island, New York 10303

*To the above named Defendants*

    **You are hereby summoned** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's Attorney(s) within   20 days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

*Dated:*  New York, New York
        May 24, 2007

        THE DWECK LAW FIRM, LLP

        By:_____
              JACK S. DWECK

*Defendants' Addresses:*

Zertek, Inc.
d/b/a Boat-N-RV Warehouse,
12634 Route 9W West
Coxsackie, New York 12192

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12192

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Volvo-Penta
1300 Volvo Penta Drive
Chesapeake, Virginia 23320

Attorneys for Plaintiffs
75 Rockefeller Plaza
New York, New York 10019
(212) 687-8200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,    Index No. 107382|07

                              Plaintiffs,        **COMPLAINT**

              -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                              Defendants.
------------------------------------------------X

     Nicholkas Tsamoudakis and Peter Tsamos, by their attorneys,

The Dweck Law Firm, LLP, complain of the Defendants, Zertek,

Inc., d/b/a Boat-N-RV Warehouse, James Segrue, Randy Rinker,

Rinker Boat Company, and Volvo-Penta, and respectfully set forth

to this Court as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

     1.  At all times hereinafter mentioned, the Plaintiff,

Nicholas Tsamoudakis (collectively with the Co-Plaintiff, as

"Plaintiffs") was and still is a resident of the City and State

of New York.

     2.  At all times hereinafter mentioned, the Plaintiff, Peter

Tsamos (collectively with the Co-Plaintiff, as "Plaintiffs") was

and still is a resident of the State of Connecticut.

     3.  Upon information and belief, and at all times

hereinafter mentioned, the Defendant, Zertek, Inc., d/b/a Boat-N-

RV Warehouse ("Zertek"), was and still is a domestic corporation,

with its principal place of business located at 12634 Route 9W

West, Coxsackie, New York 12192.

4.   Upon information and belief, and at all times hereinafter mentioned, the Defendant James Segrue, ("Segrue"), was and still is a resident of the State of New York.

5.   Upon information and belief, and at all times hereinafter mentioned, the Defendant Randy Rinker ("Rinker") was and still is a resident of the State of Indiana and was and still is the President and principal shareholder of the Defendant, Rinker Boat Company.

6.   Upon information and belief, and at all times hereinafter mentioned, the Defendant Rinker Boat Company ("Rinker Boat") was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Indiana and conducts business on a regular and continuous basis within the City and State of New York with its principal place of business located at 300 West Chicago Street, Syracuse, Indiana 46567.

7.   Upon information and belief, and at all times hereinafter mentioned, the Defendant Volvo-Penta ("Volvo") was and still is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Virginia with its principal place of business located at 1300 Volvo Penta Drive, Chesapeake, VA 23320 and conducts business within the City and State of New York on a regular and continuous basis.

2

8.  This action arises out of the sale of a boat by the Defendants to the Plaintiff pursuant to a contract of sale which was executed within the County, City and State of New York and performed within the State of New York.  Jurisdiction is proper within the State of New York inasmuch as, upon information and belief, the non-domiciliary Defendants regularly transact business within the State of New York and, upon information and belief, execute contracts to supply goods and/or services within the State of New York on a regular and continuous basis.

9.  On or about January 8, 2005, Plaintiff Nicholas Tsamoudakis visited the New York Boat Show at the Javits Convention Center, in the County and City of New York where the Defendant Zertek exhibited boats offered for sale.

10.  At the time and place as aforesaid, the Plaintiff Nicholas Tsamoudakis agreed to purchase a brand new 2005 Rinker Fiesta Vee 360 boat, 36 feet long, equipped with two brand new 2005 Volvo Penta inboard engines for a purchase price of $253,287.50 inclusive of all finance and related charges.

11.  Although Plaintiff Nicholas Tsamoudakis had paid monies on account of the purchase of the boat as set forth above in January 2005, a written agreement, which formalized the sale to the Plaintiff was thereafter signed on or about June 4, 2005 when the Defendants notified the Plaintiff that the boat was ready for delivery.  Upon inspection and examination, there were numerous

3

defects and items still missing, which rendered the boat
unseaworthy.

12.   Notwithstanding these defects and missing parts,
Defendant Zertek contacted the Plaintiff Nicholas Tsamoudakis on
or about August 11, 2005 and advised him that they would no
longer pay for moorage or storage of the vessel and that
Plaintiff Nicholas Tsamoudakis was required to take delivery of
the boat on an immediate basis.

13.   In compliance with the demand of Defendant Zertek, and
upon the belief that the boat was fully and properly equipped and
was seaworthy as the Plaintiff had contracted for, the
Plaintiff's boat was shipped to the Venice Marina in Brooklyn,
New York.   Various defects and deficiencies were noted, and were
immediately called to the attention of the Defendant Zertek,
which included without limitation:

  a.   The navigation lights on the vessel were not in
       operating condition;

  b.   The depth finder/fish finder was not in operating
       condition;

  c.   300 feet of anchor rope were not provided;

  d.   A television set that had been ordered and paid
       for was not on board the vessel;

  e.   The fuel gauges were not operational;

  f.   The dash board panel lights were not in working
       order;

  g.   There was an unmarked dash board switch that
       appeared to have no function and nothing happened

4

when the switch was moved from one position to
another;

h.    The "EVC" box and unmarked nest of wires were
      unsecured behind the starboard side stereo
      speaker;

i.    The battery charger was not working;

j.    The trim tab was not working;

k.    The discharge valve was not working;

l.    There was a stern leak at the propellers resulting
      in oil or fuel leaking into the ocean;

m.    Power steering fuel was leaking into the bilge;

n.    Screws were missing from the dash board panel;

o.    The carbon monoxide detector was not connected;

p.    A Coast Guard safety package, required to be
      provided by the dealer was not on board the
      vessel;

q.    A documentation board or engraving into the
      permanent structure of the vessel was not
      included;

r.    There were no high temperature-low oil alarms on
      board;

s.    There was severe corrosion problems with the stern
      drives;

t.    There were problems with the engines, which
      required replacement of several parts by Volvo
      Penta.

    14.  An inspection of the vessel was conducted by a firm of

independent Marine surveyors and consultants on April 29, 2007,

which revealed that many of the problems that had been brought to

the attention of Defendants Zertek and Rinker Boat Company by

5

Plaintiff had not been addressed and still existed.  The report of the inspection concluded "as the boat stands in its present condition, it is in this surveyor's opinion, that the vessel is not useable and would present an unsafe condition for people and property."

15.  Plaintiffs Nicholas Tsamoudakis and Peter Tsamos have not had the use or the enjoyment of the vessel for a year and a half, solely due to the failure of the Defendants to deliver the vessel in accordance with the requirements of the Contract of Sale and in a seaworthy condition.

16.  By virtue of all of the foregoing, the Defendants have breached their contract with the Plaintiffs all to the Plaintiffs' damage in the sum of $300,000.00.

## AS AND FOR THE SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

17.  Plaintiffs repeat and reallege each and every allegation of Paragraphs of the Complaint numbered "1" through "16", inclusive, as if more fully set forth at length herein.

18.  When the Defendant Zertek sold the vessel to Plaintiffs Nicholas Tsamoudakis and Peter Tsamos, they warranted and represented that the boat, its engines and installations, were merchantable and fit for the intended use and purpose.  As authorized agents for Rinker Boat Company and Volvo Penta of the Americas, Inc., said Defendant affirmed the warranties of said Defendants as well.

6

19.  All the Defendants breached their respective warranties and obligations, by having failed to provide the vessel, engines and installations that were fit for their intended purposes and uses.

20.  The Defendants compelled the Plaintiffs to take the boat before it was fully prepared, equipped and completed, while the same was in a dangerous and unseaworthy condition, even though the Defendants knew that it was unfit for use or sale and would not fulfill its intended purposes and uses.  The vessel remains in an unsafe and dangerous condition, as of the time of the commencement of this action.

21.  In order to prevent further deterioration of the vessel and for the purpose of mitigation of damages, the Plaintiffs have placed the vessel into storage, where it accumulated charges of $6,257.36, as of December 1, 2006 and charges continue to accumulate, as it sits idle, in storage, while at the same time, the Plaintiffs have been deprived of the use and enjoyment of the vessel because of the willful breach of the warranties by the Defendants as aforedescribed.

22.  As a result of the foregoing, Plaintiffs have been damaged in the amount of not less than $275,000 for which Plaintiffs demand Judgment.

7

## AS AND FOR A THIRD CAUSE OF ACTION FOR
### RECISSION

23.   Plaintiffs repeat and reallege each and every
allegation of Paragraphs of the Complaint numbered "1" through
"22", inclusive, as if more fully set forth at length herein.

24.   By virtue of all the foregoing, the Defendants have
breached their contract with the Plaintiffs, and have failed to
deliver the boat in accordance with their contractual
obligations.

25.   Plaintiffs hereby elect to rescind the contract for the
purchase of the boat from the Defendants Zertek, Segrue, Rinker
and Rinker Boat and hereby tenders the return of the boat.

26.   Plaintiffs seek a judgment of this Court for the return
of all monies expended by them in the sum of not less than
$300,000., and by this action hereby tender return of the boat to
said Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
### BREACH OF IMPLIED AND EXPRESS WARRANTIES

27.   Plaintiffs repeat and reallege each and every
allegation of paragraphs of the Complaint numbered "1" through
"26", inclusive, as if more fully set forth at length herein.

28.   By virtue of the foregoing, Defendants have breached
their express and implied warranties with respect to the vessel
that was sold to the Plaintiffs.  In addition to oral statements
made by the Defendants, Segrue, individually and on behalf of his

8

employer, Defendant Zertek, Inc., express warranties were made and published by the Defendant Rinker Boat Company as published by them in their brochure for the boat.

29.    On the basis of these express warranties, and in reliance thereon, Plaintiffs made the decision to purchase the 2005 Rinker Fiesta Vee 360 vessel which they would not have done had they known that the warranties were untrue and/or that the Defendants would not stand by and fulfill the same.

30.    In addition to the express warranties, there was an implied warranty imposed by law, under the Uniform Commercial Code that requires the Sellers to be responsible for certain warranties including merchantability and fitness for a particular purpose.

31.    The vessel that was delivered by Defendant Zertek, Inc., manufactured by Rinker Boat, and using Volvo-Penta engines, was not fit for its intended purpose, and the Defendants have failed and refused to make it fit for its intended purpose.

32.    By virtue of the foregoing, Plaintiffs have been damaged in the amount of at least $275,000 for which judgment is demanded.

**WHEREFORE**, Plaintiffs pray for a judgment as follows:

a.    on the First Cause of Action, on behalf of the Plaintiffs, for judgment in the sum of $300,000.00;

b.    on the Second and Fourth Causes of Action, on behalf of the Plaintiffs, for judgment in the sum of $275,000.00;

9

c.   on the Third Cause of Action, on behalf of the
     Plaintiffs, for judgment which declares a recision of
     the Contract of Sale to the Plaintiffs and the return
     to the Plaintiffs of this purchase price and all
     expenses incurred by them; and

d.   together with interest and the costs and disbursements
     of this action.

Dated: New York, New York
       May 22, 2007

                              THE DWECK LAW FIRM, LLP
                              Attorneys for Plaintiffs


                       By: _____
                              Jack S. Dweck
                              75 Rockefeller Plaza
                              16th Floor
                              New York, New York 10019
                              (212) 687-8200


S:\Secretary 2\Client Docs\Tsamoudakis\Complaint - 5-24-07 - draft #2.wpd


                              10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NICHOLAS TSAMOUDAKIS and PETER TSAMOS,                    Index No.: 107382/07

                           Plaintiff(s),                    **NOTICE OF**
**FILING OF REMOVAL**

             -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                     Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TO:    Clerk
       Supreme Court of New York
       County of New York
       60 Centre Street
       New York, New York 10007

       Jack S. Dweck
       The Dweck Law Firm
       Attorneys for Plaintiffs
       75 Rockefeller Plaza
       New York, New York 10019

       Zertek, Inc.
       d/b/a Boat-N-RV Warehouse
       12634 Route 9W West
       Coxsackie, New York 12192

       James Segrue
       c/o Zertek, Inc.
       12634 Route 9W West
       Coxsackie, New York 12191

       Randy Rinker
       c/o Rinker Boat Company
       300 West Chicago Street
       Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

SIRS:

**PLEASE TAKE NOTICE** that in the above-entitled action, Defendant VOLVO

PENTA OF THE AMERICAS, INC. has this day filed a Notice of Removal, a copy of

which is attached hereto, in the Office of the Clerk of the United States District Court,

Southern District of New York. You are also advised that the defendant, upon filing of

said Notice of Removal, filed a copy of the Notice with the Clerk of the Supreme Court

for the State of New York, County of New York, which has effected this removal, in

accordance with 28 U.S.C. § 1446(d).

Dated: June 28, 2007
       New York, New York


                              RUBIN, FIORELLA & FRIEDMAN LLP


                        By: _____
                              James E. Mercante (JM 4231)
                              Patrick J. Corbett (PC2076)
                              Rubin, Fiorella & Friedman LLP
                              292 Madison Avenue, 11th Floor
                              New York, New York 10017
                              (212) 953-2381
                              Attorneys for Defendant
                              VOLVO PENTA OF THE AMERICAS, INC.

## CERTIFICATE OF SERVICE

I declare that on this day I caused to be served by first class mail a copy of the within Notice of

Removal as well as a Notice of Filing Notice of Removal, by depositing a pre-paid envelope into a

receptacle duly maintained by the United States Postal Service, addressed to the individuals listed below:

Clerk
Supreme Court of New York
County of New York
60 Centre Street
New York, New York 10007

Jack S. Dweck
The Dweck Law Firm
Attorneys for Plaintiffs
75 Rockefeller Plaza
New York, New York 10019

Zertek, Inc.
d/b/a Boat-N-RV Warehouse
12634 Route 9W West
Coxsackie, New York 12192

James Segrue
c/o Zertek, Inc.
12634 Route 9W West
Coxsackie, New York 12191

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2007

Patrick J. Corbett

**EXHIBIT "3"**

RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante (JM 4231)
Patrick J. Corbett (PC2076)
292 Madison Avenue, 11th Floor
New York, New York 10017
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,          Docket No.: 07-CV-6102

                              Plaintiff(s),                    **(WHP)**
                                                              **(THR)**

                 -against-
                                                      **ANSWER TO**
ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,          **COMPLAINT**
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                              Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

     Defendant, VOLVO PENTA of THE AMERICAS, INC., sued herein as VOLVO PENTA,

by and through their attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for its answer to

the complaint of the plaintiff(s), upon information and belief, as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph(s) of the complaint designated "1", "2", "3", "4", "5", "6", "8",

"9", "10", "11", "12", "13, "14" and "15".

    2.    Admits that VOLVO PENTA of THE AMERICAS, INC., is a Virginia corporation

doing business at 1300 Volvo Penta Drive, Chesapeake, VA 23320, and denies each and every

remaining allegation contained in the paragraph of the complaint designated "7".

3.      Denies each and every allegation contained in the paragraphs of the complaint designated "16" as they refer to this defendant and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein as they refer to any other defendant.

## ANSWERING THE SECOND CAUSE OF ACTION

4.      Repeats, reiterates and realleges each and every allegation contained in the paragraphs of the answer designated "1" through "3", as if set forth hereat, in answer to the paragraph of the complaint designated "17".

5.      Denies each and every allegation contained in the paragraphs of the complaint designated "18", "19", "20", "21" and "22", as they refer to this defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other defendant.

## ANSWERING THE THIRD CAUSE OF ACTION

6.      Repeats, reiterates and realleges each and every allegation contained in the paragraphs of the answer designated "1" through "5", as if set forth hereat, in answer to the paragraph of the complaint designated "23".

7.      Denies each and every allegation contained in paragraph of the complaint designated "24" as they refer to this defendant, and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other defendant.

8.      Denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations, contained in the paragraphs of the complaint designated "25" and "26".

2

## ANSWERING THE FOURTH CAUSE OF ACTION

9.    Repeats, reiterates each and every allegation contained in the paragraphs of the answer designated "1" through "8", as if set forth in answer to the paragraph of the complaint designated "27".

10.    Denies each and every allegation contained in the paragraphs of the complaint designated "28", "29", "31" and "32" , as they refer to this defendant and denies knowledge and information sufficient to form a belief as to the truthfulness of the allegations therein, as they refer to any other defendant.

11.    Denies knowledge and information sufficient to for a belief as to the truthfulness of the allegations contained in the paragraph of the complaint designated "30".

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

12.    Plaintiffs have failed to effect proper service of process upon this defendant and as such there is no jurisdiction over this defendant.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13.    The complaint fails to state a cause of action over this defendant.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

14.    Any damages or loss allegedly suffered herein by plaintiffs resulted from acts and/or omissions of certain other parties or third-parties for whose conduct this defendant is not responsible.

3

## AS AND FOR A FOURTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

15.     If the plaintiffs sustained any loss or damage alleged in the complaint, then, upon

information and belief, such loss or damage was not the result of any breach or tortious act by

this defendant, but was caused in whole or in part by the acts, neglect, contributory negligence,

carelessness, and/or plaintiff's assumption of the risk and culpable conduct of the plaintiffs, or

their agents, servants or employees, and this defendant is therefore entitled to dismissal or

reduction of any recovery had by the plaintiffs in proportion which the culpable conduct

attributable to the plaintiffs bears to the culpable conduct which caused the damages complained

of.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

16.     Plaintiffs have failed to mitigate their damages, if any, and recovery, if any, must

be reduced accordingly.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

17.     Upon information and belief, the liability of this defendant, if any, which is denied,

is in all events subject to and limited by, the terms and conditions of and/or applicable provisions

of the New York Civil Practice Law and Rules, the New York Uniform Commercial Code, and

all other legislation limiting liability, providing for the filing of claims, and requiring that a suit

be commenced within a specified period of time.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

18.     To the extent that plaintiffs have made claims and has received payment from

other sources with respect to the damages as alleged in plaintiff's complaint, the plaintiff is not

entitled to recover such amounts from this defendant.

## AS AND FOR A EIGHTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

19.    The complaint for damages fails as a matter of law to state any ground upon which

relief should be granted.

## AS AND FOR A NINTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

20.    That if the plaintiffs recovery herein against two or more tort-feasors jointly liable

and/or if the culpable conduct of any person not a party to this action is considered in

determining any equitable share herein and if this answering defendant's liability is 50% or less

of the total liability assigned, then this answering defendant's liability for non economic loss

shall not exceed the equitable share as determined by the answering defendant's percentage of

liability for non economic loss pursuant to Civil Practice Law and Rules of Article 16.

## AS AND FOR A TENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

21.    VOLVO PENTA of THE AMERICAS, INC. did not own, operate, manage,

possess, or control any part of the Plaintiff's vessel, its appliances, and/or its appurtenances, or

equipment at the time relevant hereto.

## AS AND FOR A ELEVENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

22.    The claims asserted in the complaint are barred or subject to limitation by

applicable provisions of the Uniform Commercial Code, including but not limited to Article 2 of

such Code.

5

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

23.     Plaintiffs lack privity of contract with this defendant and are therefore not entitled to assert some or all of the claims alleged in the complaint as against this defendant.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

24.     Plaintiff's right to recover against answering this defendant on account of matters stated in the complaint, if any, is defined, limited and prescribed by the terms and conditions of certain express warranties and/or contracts, and this defendant claims and pleads all rights, time limits, defenses, limitations, exclusions, definitions, terms and conditions of such express warranties and contracts.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

25.     The liability, if any, of this defendant for the matters alleged in the complaint may be subject to limitation and/or exclusion by operation of applicable statutes, immunities and/or regulations, and defendant expressly claims and pleads the benefit of any and all such statutes, immunities and/or regulations.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

26.     Plaintiffs' remedy, if any, on account of the matters alleged in the complaint, is precluded and/or limited by the terms and conditions of defendant's express limited warranty.

## AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE

27.     Some or all of plaintiffs' claims are barred by the applicable statute of limitations

6

or other applicable time limit.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28.    Some or all of plaintiffs' claims are barred by the equitable doctrine of laches.

### AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29.    The matters alleged in the complaint are governed by United States Maritime Law,

which bars or limits some or all of plaintiff's claims.

**WHEREFORE**, VOLVO PENTA of The AMERICAS, Inc., demand judgment

dismissing the complaint herein as against it, together with the costs and disbursements of this

action.

Dated: New York, New York
July 17, 2007

Yours etc.,

James E. Mercante, Esq.
Patrick J. Corbett, Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381    Our File No.:  572-8976

To:    Jack S. Dweck, Esq.
       The Dweck Law Firm
       Attorneys for Plaintiffs
       75 Rockefeller Plaza
       New York, New York 10019

7

Matthew J. Sgambettera, Esq.
323 Ushers Road
P.O. Box 1550
Clifton Park, New York 12065
Attorneys for Zertek, Inc., d/b/a
    Boat-N-RV Warehouse and
    James Segrue

Randy Rinker
c/o Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

Rinker Boat Company
300 West Chicago Street
Syracuse, Indiana 46567

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK)

MARIA C. SOTO, being duly sworn, deposes and says, that deponent is not a party to the action, is

over 18 years of age and resides in Fort Lee, New Jersey.

That on the _17_ day of July, 2007, deponent served the within **ANSWER TO COMPLAINT** via

Regular Mail upon:

> To:  Jack S. Dweck, Esq.
>      The Dweck Law Firm
>      Attorneys for Plaintiffs
>      75 Rockefeller Plaza
>      New York, New York 10019
>
>      Matthew J. Sgambettera, Esq.
>      323 Ushers Road
>      P.O. Box 1550
>      Clifton Park, New York 12065
>      Attorneys for Zertek, Inc., d/b/a
>        Boat-N-RV Warehouse and
>        James Segrue
>
>      Randy Rinker
>      c/o Rinker Boat Company
>      300 West Chicago Street
>      Syracuse, Indiana 46567
>
>      Rinker Boat Company
>      300 West Chicago Street
>      Syracuse, Indiana 46567

in this action at the address designated by said attorneys for that purpose by depositing same enclosed in a

post-paid properly addressed wrapper, in an office depository under the exclusive care and custody of the

United States Postal Service within the State of New York.

_____
MARIA C. SOTO

Sworn to before me this
_2_ day of July, 2007

_____
Notary Public

PATRICK J. CORBETT
Notary Public, State of New York
Reg. No. 02CO6118029
Qualified in Westchester County
My Commission Expires November 1, 20_8_

10

EXHIBIT "4"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

NICHOLAS TSAMOUDAKIS and PETER
TSAMOS,

        Plaintiffs,

  -against-

ZERTEC, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY and,
VOLVO-PENTA,

        Defendants.

Case No.: 07-CV-6120

**ANSWER**

-------------------------------------------------------------X

    Randy Rinker and Rinker Boat Company, LLC (hereinafter referred to as "Rinker"),

by and through its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for

its Answer to the Complaint originally filed by plaintiffs in New York Supreme Court for

the County of New York (Index No. 107382/07), states as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

  1. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraphs 1, 2, 3 and 4;

  2. Deny the allegations contained in Paragraph 5, except to the extent that Randy

Rinker was and is a resident of the State of Indiana;

  3. Deny the allegations contained in Paragraph 6 except to the extent that Rinker does

manufacture boats for sale in New York and its principal place of business is 300 West

Chicago Street, Syracuse, IN 46567.  Rinker further states that in or about July 2004 Rinker

Boat Company, Inc. became Rinker Boat Company, LLC, an organization formed under the

laws of Delaware;

1614663.1

                    1

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7;

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8. Additionally, some of the allegations contained in that paragraph call for legal conclusions that are to be made by the Court;

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and 10;

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11 and 12, except to the extent that it is denied that the boat was missing parts, defective and/or unseaworthy;

8. Deny the allegations contained in Paragraphs 13, 14, 15 and 16;

## ANSWERING THE SECOND CAUSE OF ACTION

9. Repeat and reiterate the above responses to Paragraphs 1-16 to the allegations contained in Paragraph 17 respectively;

10. Deny the allegation contained in Paragraph 18 that Zertek was an authorized agent for Rinker. These defendants deny knowledge or information to form a belief as to the truth of the remaining allegations;

11. Deny the allegations contained in Paragraphs 19, 20, 21 and 22;

## ANSWERING THE THIRD CAUSE OF ACTION

12. Repeat and reiterate the above responses to Paragraphs 1-22 to the allegations contained in Paragraph 23 respectively;

13. Deny the allegations contained in Paragraphs 24;

14. Deny plaintiffs' entitlement to the election in Paragraph 25 and the relief requested in Paragraph 26;

## ANSWERING THE FOURTH CAUSE OF ACTION

15. Repeat and reiterate responses to Paragraphs 1-26 to the allegations contained in Paragraph 27 respectively; and

16. Deny the allegations contained in Paragraphs 28, 29, 30, 31 and 32.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Answering defendants assert that if plaintiffs are found to have been damaged in accordance with the allegations in the Complaint such damages were the result of the culpable conduct of plaintiffs, because of plaintiffs' negligence and/or assumption of risk. Should it be found, however, that the answering defendants are liable herein, any liability being specifically denied, then it is demanded that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## SECOND AFFIRMATIVE DEFENSE

In the event that plaintiffs' economic loss, if any, it was and/or will be replaced or indemnified, in whole or in part, from collateral sources, and cannot recover for these sums.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name and join essential and necessary parties.

## FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by plaintiffs are the result of the contractual breach, culpable conduct and/or fault of other persons and/or entities for whose conduct the answering defendants are not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

Persons and/or entities other than answering defendants misused, altered, changed or modified the alleged product in question and this misuse, alteration, change or modification was the proximate and/or contributing cause of the plaintiffs' damages, if any, and/or voided any potentially applicable warranties, if any were provided..

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack privity with the answering defendants to maintain claims based upon breach of warranty and/or contract.

## EIGHTH AFFIRMATIVE DEFENSE

Without relieving plaintiffs of their burden of proof of establishing their damages, any damages sustained by plaintiffs were proximately caused or contributed to by the intervening and/or superseding intentional conduct, negligence or breach of other persons and/or entities that plaintiffs have not named in this action.

## NINTH AFFIRMATIVE DEFENSE

Any warranties afforded plaintiffs by Rinker are limited, and subject to the terms and conditions of Rinker's Limited Warranty.

## TENTH AFFIRMATIVE DEFENSE

Any oral warranties upon which plaintiffs relied are inadmissible and unavailable because of the provision of the applicable statute of frauds as provided in UCC §2-201.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from seeking any and all remedies against the answering defendants because plaintiffs failed to give the answering defendants the notice required by UCC § 2-607.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to provide answering defendants an opportunity to cure any alleged breach.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendants cannot be liable for incidental or consequential damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations under UCC § 2-725.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give written notice of the alleged defects to the answering defendants and are precluded from relying upon the unstated defects to justify the rejection or to establish the alleged breach.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' only available remedy, if any, for the damages alleged in the Complaint is for repair or replacement of the subject boat. Thus, this action for damages against the answering defendants is barred.

**WHEREFORE**, it is hereby demanded that the Complaint be dismissed in its entirety, together with costs and disbursements of this action, including reasonable attorneys' fees, and such other costs as this Court deems just and proper.

Dated: White Plains, New York
July 18, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
MICHAEL J. CULLEN (MC 5578)
Attorneys for Defendant,
Rinker Boat Company, LLC
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

To:    The Dweck Law Firm, LLP
       75 Rockefeller Plaza
       New York, NY 10019
       Phone (212) 687-8200
       Attn: Jack S. Dweck

       Rubin, Fiorella & Friedman
       Attorneys for Defendant Volvo
       292 Madison Avenue – 11th Floor
       New York, NY 10017
       Attn: Pat Corbett, Esq.

       Zertek Inc.
       d/b/a Boat-N-RV Warehouse
       12634 Route 9W West
       Coxsackie, NY 12192

1614663.1

6

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                               ) ss.:

COUNTY OF WESTCHESTER   )

      Andrea O'Brien, being duly sworn, deposes and says:  that deponent is not a party to this action, is over 18 years of age and resides in Putnam County, New York;

      That on the 20th day of July, deponent served the within document(s) entitled ANSWER upon:

The Dweck Law Firm, LLP
75 Rockefeller Plaza
New York, NY 10019
Phone (212) 687-8200
Attn: Jack S. Dweck

Rubin, Fiorella & Friedman
Attorneys for Defendant Volvo
292 Madison Avenue – 11th Floor
New York, NY 10017
Attn: Pat Corbett, Esq.

Zertek Inc.
d/b/a Boat-N-RV Warehouse
12634 Route 9W West
Coxsackie, NY 12192

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                 *Andrea O'Brien* (signature)

                                   Andrea O'Brien

Sworn to before me this
20th day of July, 2007

*(signature)*
Notary Public

LINDA A. FERNANDEZ
Notary Public, State of New York
No. 01FE4954636
Qualified in Westchester County
Commission Expires August 14, 20 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NICHOLAS TSAMOUDAKIS
and PETER TSAMOS,                    Docket No. 07 Civ. 6102 (WHP)

                Plaintiffs,
                                     **AFFIDAVIT OF SERVICE**

        -against-

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY,
AND VOLVO-PENTA,

                Defendants.

------------------------------x

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

    **GINA SALERNO**, being duly sworn, deposes and says:  I am not

a party to this action, I am over 18 years of age and reside in

Princeton Junction, New Jersey.

    On the 25th day of October 2007, I served a true copy of

**PLAINTIFFS' NOTICE OF MOTION TO REMAND AND SUPPORTING PAPERS** in

the following manner:

    By mailing a true copy of same in a sealed envelope, with

postage prepaid thereon, in an official depository of the United

States Postal Service within the State of New York, addressed to

the last known address of the attorney indicated below:

TO:  Rubin Fiorella & Friedman, LLP
     Attorneys for Defendant Volvo-Penta
     292 Madison Avenue
     New York, NY 10017

Wilson Elser Moskowitz Edelman & Dicker, LLP
Attorneys for Defendants
Randy Rinker and Rinker Boat Company
3 Gannett Drive
White Plains, NY 10604

Zertek, Inc.
d/b/a Boat-N-RV Warehouse,
12634 Route 9W West
Coxsackie, NY 12192

James Segrue                         James Segrue
c/o Zertek, Inc.                     3518 Grummon Street
12634 Route 9W West                  Binghamton, NY 13903
Coxsackie, NY 12192

_____
                **GINA SALERNO**

Sworn to before me this
25th day of October, 2007

_____
        Notary Public

Cory A. Frank
Notary Public
State Of New York
Reg. No: 02FR6163318
Expires 3/19/2011