```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

NICHOLAS TSAMOUDAKIS              Docket No. 07 Civ. 6102 (WHP)
and PETER TSAMOS,

              Plaintiffs,

       -against-

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY,
AND VOLVO-PENTA,

              Defendants.

--------------------------------x
```

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO REMAND THIS
ACTION TO THE SUPREME COURT OF NEW YORK**

Jack S. Dweck
On the Brief

**THE DWECK LAW FIRM, LLP**
75 ROCKEFELLER PLAZA
NEW YORK, NY 10019

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

    POINT I.

    THE COMPLAINT DOES NOT ASSERT ANY CAUSES OF ACTION
    BASED UPON ANY FEDERAL STATUTE AND THEREFORE THIS
    COURT LACKS SUBJECT MATTER JURISDICTION OVER
    THIS LAWSUIT . . . . . . . . . . . . . . . . . . . . . . . . 4

    POINT II.

    AN AWARD OF COSTS IS APPROPRIATE
    FOR PATENTLY IMPROPER REMOVAL . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

**Cases:**

Box Tree South Ltd. v. Bitterman, 873 F.Supp. 833 (SDNY 1995) . 7

Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) . . . . . . . . . . . . . . . . . . 5, 7

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) . . . . . . . . . . . . 6

Ferro v. Association of Catholic Schools, 623 F.Supp. 1161 (SDNY 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California, et. al., 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) . . . . 4, 5

Gucciardo v. Reliance Insurance Co., 84 F.Supp.2d 399 (EDNY 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . )8

Hernandez v. Conriv Realty Associates, 116 F.3d 35, 38 (2d Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hodges v. Demchuk, 866 F.Supp. 730, 732 (S.D.N.Y.1994) . . . . 4

Jerro v. Homes Lines, Inc., 377 F.Supp. 670 (SDNY 1974) . . . . 9

Lewis v. Travelers Ins. Co., 749 F.Supp. 556, 558 (S.D.N.Y.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Matter of the Arbitration between Victorias Milling Co., Inc. and Hugo Neu Corp., 196 F.Supp. 64 (SDNY 1961) . . . . . . . . . . 9

Morgan Guar. Trust v. Republic of Palau, 971 F.2d 917, 924 (2d Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Paduano v. Yamashita Kisen Kabushiki Kaisha, 221 F.2d 615 (2nd Cir. 1955) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571 (7th Cir. 1982), cert. den., 103 S.Ct. 469, 459 U.S. 1049, 74 L.Ed.2d 618 . . . . . . . . . . . . . . . . . . . . . 6

R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rabinowitz v. Benson and Amer, 1992 WL 309808 (SDNY 1992) . . . 8

Redwood Theaters, Inc. v. Festival Enterprises, Inc., 908 F.2d 477 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 6

Romero v. International Terminal Operating Co., 358 U.S. 354, 369 n.16, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) . . . . . . . . . . . 9

Shamrock Oil & Gas Corporation v. Sheets, et. al., 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) . . . . . . . . . . . . 5

Travelers Indemnity Company v. Sarkisian, 794 F.2d 754, 758 (2d Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United Foods & Commercial Workers Union v. Centermark Properties, 30 F.3d 298 (2nd Cir. 1994) . . . . . . . . . . . . . . . . . . 6

Wood v. Vermont Insurance Management, Inc., 749 F.Supp. 558 (D.Vt. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Yankee Gas v. The Connecticut Light & Power Company, 1998 W.L. 698763 (D.Conn. 1998) . . . . . . . . . . . . . . . . . . . . . 6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

NICHOLAS TSAMOUDAKIS                    Docket No. 07 Civ. 6102 (WHP)
and PETER TSAMOS,

            Plaintiffs,

    -against-

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY,
AND VOLVO-PENTA,

            Defendants.

---------------------------------x
```

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO REMAND THIS
<u>ACTION TO THE SUPREME COURT OF NEW YORK</u>**

<u>PRELIMINARY STATEMENT</u>

Plaintiffs, father and son, entered into a contract for the purchase of a pleasure boat manufactured by the Defendants, Randy Rinker and Rinker Boat Company, and sold to them at a Boat Show at the New York State Javits Center by the Defendant, Zertek, Inc., through its salesman, James Segrue. The boat was supposed to be powered by an engine manufactured by the Defendant, Volvo-Penta.

The boat was never completely outfitted and certain of the equipment was never installed and other items within the boat failed to function properly. As a result, after approximately two years of attempts to have the boat delivered with equipment

and facilities that were to function as contracted for, the Plaintiffs commenced this action for breach of contract, breach of express and implied warranty, breach of warranty of merchantability, and for rescission.  The action was initially brought in the Supreme Court, New York County, and thereafter removed by Defendant, Volvo-Penta, upon the alleged grounds that this was a case which involved maritime law under the United States statutes.  All of the Defendants have been served, with the exception of the Defendant, James Segrue.  The Defendant, Zertek, Inc., has defaulted, and the Defendants Randy Rinker, Rinker Boat Company, and Volvo-Penta, have answered with general denials and multiple affirmative defenses.

An examination of the Complaint, annexed to the moving papers as Exhibit 1, reveals that all of the causes of action, are commercial in nature, basically for breach of contract, breach of warranty and for rescission.  Nowhere in the Complaint is there any allegation that the lawsuit is brought based upon a federal statute, or a federal maritime statute.

On or about June 28, 2007, a Notice of Removal was received from the Defendant, Volvo-Penta, which is annexed to the moving papers as Exhibit 2.  The Notice of Removal is based upon statements that this lawsuit is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty jurisdiction of this Court.

The Plaintiffs have challenged this removal and the legal precedents set forth within this Memorandum clearly reflect that the case was improperly removed and should be remanded to the New York State Supreme Court.

Based upon the "well pleaded complaint rule", the determination of whether an action arises under the laws of the United States is simply made by an examination of each of the causes of action in the Complaint.  Such a review overwhelmingly demonstrates that this is a simple commercial breach of contract, breach of warranty action, wherein the Plaintiffs have sought damages, or, alternatively, rescission of the contract.  Plaintiffs have not pleaded any federal statute.  There are no federal questions.  Therefore, this Court lacks subject matter jurisdiction over the Plaintiffs' Complaint.

## POINT I.

### THE COMPLAINT DOES NOT ASSERT ANY CAUSES OF ACTION BASED UPON ANY FEDERAL STATUTE AND THEREFORE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT

28 U.S.C. §1331 provides that a district court shall have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the United States. The Defendant, Volvo-Penta, has removed this action from the New York State Supreme Court based upon 28 U.S.C. §1441. However, no federal question exists. There is no allegation in the Complaint of any claim under any federal statute and, therefore, removal was improper.

As a preliminary matter, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." Hodges v. Demchuk, 866 F.Supp. 730, 732 (S.D.N.Y.1994) (Sotomayor, J.). See also R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979). Unless that burden is met, the case must be remanded back to state court. At this stage, therefore, the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise.

Absent diversity jurisdiction, removal is normally improper unless a federal question appears on the face of plaintiff's well-pleaded complaint. See Franchise Tax Bd. of the State of

4

California v. Construction Laborers Vacation Trust for Southern California, et. al., 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The removal jurisdiction of the federal courts is limited and should be "scrupulously confined." Shamrock Oil & Gas Corporation v. Sheets, et. al., 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Where there is a choice of either federal or state remedies, the plaintiff is free to choose his law and his forum. See, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (holding that a plaintiff, "may avoid federal jurisdiction by exclusive reliance on state law"); Hernandez v. Conriv Realty Associates, 116 F.3d 35, 38 (2d Cir.1997); Travelers Indemnity Company v. Sarkisian, 794 F.2d 754, 758 (2d Cir.1986) (noting that " '[w]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground' to defeat removal") (quoting 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.160, at 185 (2d ed.1979)).

    The relevant question seems to be whether the state claim may be decided without addressing the federal issue. See Franchise Tax Board, supra, at 9. If the state claim can be decided without reference to the federal question, then there will not be grounds for removal. Along these lines, courts have held that where there are multiple theories of recovery, only one

of which involves a federal question, removal will be improper. See <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

In general, removal of a claim based upon federal question jurisdiction is improper unless the federal claim appears on the face of a well pleaded complaint; <u>Redwood Theaters, Inc. v. Festival Enterprises, Inc.</u>, 908 F.2d 477 (9th Cir. 1990); <u>Ferro v. Association of Catholic Schools</u>, 623 F.Supp. 1161 (SDNY 1985); (Existence of a federal question for purposes of 28 U.S.C. §1441 must appear on the face of the complaint). An assertion by a defendant of an issue of federal law in pleadings, or in a petition for removal, does not create a federal question; <u>People of the State of Illinois v. Kerr-McGee Chemical Corp.</u>, 677 F.2d 571 (7th Cir. 1982), *cert. den.*, 103 S.Ct. 469, 459 U.S. 1049, 74 L.Ed.2d 618.

Additionally, a defendant bears the burden of demonstrating that the removal was proper; <u>United Foods & Commercial Workers Union v. Centermark Properties</u>, 30 F.3d 298 (2nd Cir. 1994); <u>Yankee Gas v. The Connecticut Light & Power Company</u>, 1998 W.L. 698763 (D.Conn. 1998). In the action at bar, none of the causes of action asserted in the Complaint plead or rely upon any federal statute. On the contrary, the causes of action within the Complaint rely upon common law breach of contract or pursuant to the New York codification of the Uniform Commercial Code.

Nowhere within any part of the Complaint do the Plaintiffs assert or rely upon any federal statute or assert any federal relief based cause of action.

Under the "well pleaded complaint rule", the plaintiff is the master of the complaint. This prevents a court and a defendant from inferring from a state law complaint, a basis for federal jurisdiction, even though the facts pleaded are sufficient to sustain a federal claim that was not pleaded. In other words, the plaintiff, and not the defendant, should determine what causes of action are pleaded in the complaint. The Plaintiffs have pleaded state causes of action and, thus, this case should be in the New York State Supreme Court and not in the Federal Court; Caterpillar, supra, at 392; See, also, Box Tree South Ltd. v. Bitterman, 873 F.Supp. 833 (SDNY 1995).

Nowhere in the Complaint are there any assertions of any federal causes of action. The only basis for removal is the claim by the Defendant, Volvo-Penta, that the Complaint is founded upon a claim of admiralty and maritime law within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and, thus, is within the admiralty jurisdiction of this Court. Plaintiffs respectfully disagree with the Defendant, Volvo-Penta's, interpretation of the Complaint. Nothing which involves admiralty law under any federal statute is alleged in this Complaint, which, otherwise pleads based upon the failure of the

Defendants to fulfill their contractual obligations.  This kind of a Complaint is more appropriately dealt with by a state court, and should not have otherwise been transferred to this court.  Under the "well pleaded complaint" rule, the determination of whether the action arises under the laws of the United States is made simply by examining the assertions of the complaint.  In that respect, this case belongs only in the state court; <u>Rabinowitz v. Benson and Amer</u>, 1992 WL 309808 (SDNY 1992); <u>Wood v. Vermont Insurance Management, Inc.</u>, 749 F.Supp. 558 (D.Vt. 1990).

In <u>Gucciardo v. Reliance Insurance Co.</u>, 84 F.Supp.2d 399 (EDNY 2000), the court had before it an action with facts very similar to the one at bar.  Suit was brought against the defendant insurance company for breach of contract regarding payment for damages to the plaintiff's boat.  The court, *sua sponte,* reviewed the pleadings and questioned whether it had subject matter jurisdiction over the lawsuit.  The court remanded the action to the Supreme Court based upon its opinion that a review of the amended complaint had disclosed no federal statute implicated in any of the causes of action.  The opinion noted that while the defendant's claim of damage to the boat formed the basis for jurisdiction, the Court concluded that nothing in the Complaint raised a question of admiralty or maritime law.  On the contrary, the ruling was that the amended complaint alleged a

straight forward breach of contract claim which arose from an insurance policy under New York State common law and other claims for violation of the New York State Insurance Law. Finding no federal question jurisdiction, the case was remanded to the state court for lack of subject matter jurisdiction.

Similarly, in <u>Jerro v. Homes Lines, Inc.</u>, 377 F.Supp. 670 (SDNY 1974), an action was brought against a Panamanian corporation in the New York State Supreme Court for personal injuries sustained on the defendant's vessel prior to its departure. The action was removed to the federal court, and on a motion to remand, the court granted the same on the ground that the action was not removable in the absence of diversity of citizenship and cited <u>Romero v. International Terminal Operating Co.</u>, 358 U.S. 354, 369 n.16, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); <u>Paduano v. Yamashita Kisen Kabushiki Kaisha</u>, 221 F.2d 615 (2nd Cir. 1955).

In the <u>Matter of the Arbitration between Victorias Milling Co., Inc. and Hugo Neu Corp.</u>, 196 F.Supp. 64 (SDNY 1961), the court acknowledged that the underlying subject matter jurisdiction was maritime, but held that since state courts have concurrent jurisdiction over such a matter, and since the plaintiff chose to pursue its remedies in the state court and relied upon the "saving to suitors" clause of 28 U.S.C. §1333, any maritime matter brought in the state court was held not

9

removable absent diversity of citizenship. On that basis, the motion to remand was granted.

In the action at bar, this Court is compelled, based upon the lack of any maritime issues, to look only at whether diversity of citizenship exists in order to retain subject matter jurisdiction. Subject matter jurisdiction does not exist inasmuch as Plaintiffs are New York residents and Defendants, Zertek, Inc. and James Segrue are New York citizens, as well. Since complete diversity does not exist, the only alternative for this Court is to remand this action to the New York State Supreme Court.

## POINT II.

## AN AWARD OF COSTS IS APPROPRIATE
## FOR PATENTLY IMPROPER REMOVAL

The Plaintiffs' request an award, pursuant to 28 U.S.C. § 1447(c), of costs and fees incurred by the Plaintiffs in litigating the improper removal of this case to federal court. The award of costs and fees in such a matter is left to the discretion of the district court; 28 U.S.C. § 1447(c) ("[a]n order remanding the case may require payment of just costs and any actual expenses"); Morgan Guar. Trust v. Republic of Palau, 971 F.2d 917, 924 (2d Cir.1992) (holding that § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). The Defendants' position in this matter is not even colorable on the surface, and in the end, it is incorrect! The court should grant the Plaintiffs' motion for the award of costs and fees. See Lewis v. Travelers Ins. Co., 749 F.Supp. 556, 558 (S.D.N.Y.1990) (Lasker, J.) (denying a motion for costs and fees pursuant to 28 U.S.C. § 1447(c) because the defendant's removal of the claim was not "frivolous" and was "plausibly supported by some existing case law").

The removal on the face of the Complaint could never have been viable or sustainable. This case is not and could never have been considered one for proper removal. It is a simple breach of contract action. The removal has delayed the

11

prosecution of this action and imposed the burden of this motion on this Court and recovery of all of the attorney's costs are appropriate.

## CONCLUSION

**BASED UPON THE ALLEGATIONS SET FORTH IN THE COMPLAINT AND THE CONTROLLING LEGAL PRECEDENTS, THE MOTION TO REMAND SHOULD BE GRANTED, TOGETHER WITH APPROPRIATE COSTS**



Respectfully submitted,

THE DWECK LAW FIRM, LLP
Attorneys for Plaintiffs

By:_____
JACK S. DWECK (659)

Jack S. Dweck
On the Brief

S:\Secretary 2\Client Docs\Tsamoudakis\Memo of Law-Remand JSD-GS Draft #3 10-23-07.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

NICHOLAS TSAMOUDAKIS
and PETER TSAMOS,                        Docket No. 07 Civ. 6102 (WHP)

        Plaintiffs,

    -against-                             **AFFIDAVIT OF SERVICE**

ZERTEK, INC., D/B/A BOAT-N-RV
WAREHOUSE, JAMES SEGRUE, RANDY
RINKER, RINKER BOAT COMPANY,
AND VOLVO-PENTA,

        Defendants.

----------------------------------x

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

    **GINA SALERNO**, being duly sworn, deposes and says: I am not a party to this action, I am over 18 years of age and reside in Princeton Junction, New Jersey.

    On the 25th day of October 2007, I served a true copy of **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND THIS ACTION TO THE SUPREME COURT OF NEW YORK** in the following manner:

    By mailing a true copy of same in a sealed envelope, with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York, addressed to the last known address of the attorney indicated below:

TO:  Rubin Fiorella & Friedman, LLP
     Attorneys for Defendant Volvo-Penta
     292 Madison Avenue
     New York, NY 10017

Wilson Elser Moskowitz Edelman & Dicker, LLP
Attorneys for Defendants
Randy Rinker and Rinker Boat Company
3 Gannett Drive
White Plains, NY 10604

Zertek, Inc.
d/b/a Boat-N-RV Warehouse,
12634 Route 9W West
Coxsackie, NY 12192

James Segrue                          James Segrue
c/o Zertek, Inc.                      3518 Grummon Street
12634 Route 9W West                   Binghamton, NY 13903
Coxsackie, NY 12192

_____
GINA SALERNO

Sworn to before me this
25th day of October, 2007

_____
Notary Public

Cory A. Frank
Notary Public
State Of New York
Reg. No: 02FR6163318
Expires 3/19/2011