RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante (JM 4231)
Patrick J. Corbett (PC2076)
292 Madison Avenue, 11th Floor
New York, New York 10017
Attorneys for Defendant
VOLVO PENTA of The AMERICAS, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NICHOLAS TSAMOUDAKIS and PETER TSAMOS,

                              Plaintiff(s),

                 -against-

ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE,
JAMES SEGRUE, RANDY RINKER, RINKER BOAT
COMPANY, AND VOLVO-PENTA,

                            Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**Docket No.: 07-CIV-6102 (HB)**

**<u>AFFIDAVIT IN OPPOSITION TO MOTION BY ZERTEK, INC.</u>**

    **PATRICK J. CORBETT**, an attorney duly admitted to practice law before the

courts of the State of New York, hereby affirms the following under penalties of

perjury:

    1.      He is a member of RUBIN, FIORELLA & FRIEDMAN, LLP, attorneys for

the defendant VOLVO PENTA OF THE AMERICAS (sued herein as "VOLVO

PENTA"), and as such he is fully familiar with all of the material facts and

circumstances heretofore had herein.

2.      This affidavit is made in regard to a motion by co-defendant Zertek, Inc., for dismissal of the complaint in its entirety, and to clarify the issue for the Court.

3.      The motion is made <u>solely</u> by the <u>seller of the boat</u> at issue, on the basis that an arbitration clause exists in the sales contract.

4.      For the reasons set forth in the motion, it appears that the co-defendant James Segrue, who is, upon information and belief, an employee of defendant Zertek, Inc., and the salesman who sold the boat, may also be dismissed.

5.      However, these entities are the <u>only</u> defendants entitled to rely upon the sales contract.

6.      Volvo Penta of the Americas is not a party to the sales contract, and did not agree to have any disputes or claims against it resolved by arbitration; the contract is solely between plaintiff and Defendant Zertek; movant has produced no document to show otherwise.

6.      Should the Court not dismiss the action in its entirety, Defendants Volvo Penta of the Americas, and Rinker Boat Company, the manufacturer of the engine and boat, respectively, will still remain in this case.

7.      Accordingly, should the court grant the instant motion solely as to defendant seller, the issues alleged by plaintiffs herein against these defendants, and the same issues alleged against the seller, will be subject to determination in two separate forums, and will be subject to the risk of inconsistent results.

8.      Furthermore, this Court also has  pending before it a motion by plaintiffs to remand this action; without arguing the merits of that motion here, suffice to say that

if the seller defendants are dismissed, diversity will exist, and this action is subject to

removal back to this court from the state court on that basis; judicial economy dictates

that the motion should be denied and all claims and defenses heard in this Court.


WHEREFORE, for the foregoing reasons, it is respectfully requested that the

Court deny the motion in its entirety.

**Dated:** October 26, 2007
          New York, New York

**PATRICK J. CORBETT, ESQ. (PC2076)**
RUBIN, FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381


TO:    (VIA ECF)

       Jack S. Dweck, Esq.
       The Dweck Law Firm
       Attorneys for Plaintiffs
       75 Rockefeller Plaza
       New York, New York 10019

       Matthews J. Sgambettera, Esq.
       Sgambettera & Associates
       Attorneys for ZERTEK, INC.
       323 Ushers Road,
       P.O. Box 1550
       Clifton Park, NY 12065

       Michael Cullen, Esq.
       Wilson, Elser, et al.
       Attorneys for RINKER BOAT COMPANY &
       RANDY RINKER
       3 Gannett Drive
       White Plains, NY 10604