UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

| | |
|---|---|
| NICHOLAS TSAMOUDAKIS and PETER TSAMOS, <br><br> Plaintiffs, <br><br> -against- <br><br> ZERTEK, INC., D/B/A BOAT-N-RV WAREHOUSE, JAMES SEGRUE, RANDY RINKER, RINKER BOAT COMPANY and, VOLVO-PENTA, <br><br> Defendants. | Case No.: 07-CV-6102 <br><br><br> **RINKER'S RESPONSE TO ZERTEK'S MOTION TO DISMISS OR COMPEL ARBITRATION** |

------------------------------------------------------------------X

Defendants Rinker Boat Company and Randy Rinker (hereinafter referred to as "Rinker") respond to Zertek, Inc.'s (hereinafter "Zertek") Motion to Dismiss or Compel Arbitration as follows:

**FACTS**

Plaintiffs purchased a 2005 Rinker 360 Fiesta Vee from defendant Zertek. Plaintiffs filed a complaint citing various alleged deficiencies with the subject boat. Zertek's sales contract for the subject boat contains a provision requiring that all disputes between the parties to that contract be arbitrated. This provision reads: "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its commercial arbitration rules, and judgment on the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof." The sales contract for this boat shows that the Zertek sales representative for this transaction was co-defendant James Segrue.

In its motion, Zertek does not claim that Rinker was either a signatory or a party to this contract. However, the relief requested generally seeks that arbitration of the action be compelled.

## ARGUMENT

### I. Arbitration Provision Not Applicable to Rinker

"Although the Federal Arbitration Act established a federal policy favoring arbitration, there must first be an agreement to arbitrate. 'Arbitration is a matter of contract, and parties cannot be required to submit to arbitration any dispute which they have not agreed to submit.' It is for the Court to decide which parties are bound by an arbitration agreement, and ordinary contract principles govern this determination" *Califano v. Lehman Brothers, Inc.,* 690 F. Supp. 1354 (S.D.N.Y. 1988) (*citing Oriental Commercial & Shipping Co. v. Rosseel, N.V.*, 609 F. Supp. 75, 78 (S.D.N.Y. 1985), and *Reyes Compania Naviera S.A. v. Manumante S.A.*, 649 F. Supp. 789, 791 (S.D.N.Y. 1986).

In the instant matter, the only provision requiring arbitration of disputes is contained in the contract between plaintiffs and co-defendant Zertek. (Arguably, the arbitration provision applies to the claims against James Segrue as well.) Rinker was not a party to the contract, a claim that Zertek's motion does not allege. There is no similar provision requiring that *any* claims against Rinker be arbitrated, another claim that Zertek's motion does not allege. Therefore, denial of that part of Zertek's motion that seeks to compel arbitration with respect to Rinker is required.

### II. If Arbitration between Plaintiffs and Zertek is Ordered, the Litigation Against Rinker must be Stayed Pending the Completion of that Arbitration

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an

agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" *9 USCS § 2*.

When an agreement to arbitrate a particular claim is valid, the proper remedy is for the court to stay the litigation pending the completion of the arbitration *9USCS §3*. Thus, if the Court grants Zertek's motion to compel arbitration of the claims between Zertek and plaintiffs, the litigation of the claims against Rinker and Volvo Penta must be stayed pending the completion of the arbitration. This result is supported by the theory of judicial economy, as the arbitration may make plaintiffs whole and render further litigation moot.

**WHEREFORE**, Rinker respectfully requests that the Court deny that part of Zertek's motion that seeks to require enforcement of the subject arbitration provision against Rinker. Additionally, if the Court orders that the claims between plaintiffs and Zertek be arbitrated, it is further requested that the litigation against Rinker and Volvo Penta be stayed pending the completion of the arbitration.

Dated: White Plains, New York
October 26, 2007

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER LLP

                    By: ____/s/_Michael J. Cullen_____
                          MICHAEL J. CULLEN (MC 5578)
                          Attorneys for Defendants,
                          Rinker Boat Company, LLC &
                          Randy Rinker
                          3 Gannett Drive
                          White Plains, NY 10604
                          (914) 323-7000